# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KAYLIE TURNER, Individually, DAWSON TURNER, Individually, By and through his Mother and Next Friend, KAYLIE TURNER, DANNY TURNER, Individually<br><br>     Plaintiffs,<br><br>vs.<br><br>DARLING INGREDIENTS INC., A Corporation, and/or d/b/a DAR PRO SOLUTIONS, A Corporation, RODNEY KEITH GETER, Individually<br><br>     Defendants. | Civil Action File No: _____<br>REMOVED FROM CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA<br>CASE NO. No. 18-CV-2022-900017.00 |

## NOTICE OF REMOVAL

Defendants Darling Ingredients Inc. and Rodney Keith Geter ("Defendants") hereby remove this action to the jurisdiction of the United States District Court for the Northern District of Alabama, Eastern Division, on the grounds of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. This removal is appropriate on the following grounds:

1.

Plaintiffs commenced a civil action against Defendants and Alfa Mutual Insurance Company in the Circuit Count of Cleburne County, Alabama, (18-CV-2022-900017.00) on or about March 18, 2022.

2.

True and correct copies of all pleadings in the state court action are attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446.

3.

Venue in the state court action was based on the county where the accident which forms the basis of Plaintiffs' Complaint occurred (Cleburne County) pursuant to O.C.G.A. § 4-12-3. (Exhibit "A", Plaintiff's Complaint, ¶ 8). Cleburne County is located within the jurisdiction of the Northern District of Alabama, Eastern Division.

4.

Defendant Darling Ingredients Inc. was served with a copy of Plaintiffs' Complaint on March 23, 2022. (Exhibit "A", Certified Mail Receipt). Defendant Rodney Keith Geter was served with a copy of Plaintiff's Complaint on March 25, 2022. (Exhibit "A", Certified Mail Receipt). Defendant Alfa Mutual Insurance

Company was served with a copy of Plaintiffs' Complaint on March 23, 2022. (Exhibit "A", Certified Mail Receipt).

5.

On May 18, 2022, Defendant Alfa Mutual Insurance Company filed a Motion to Opt Out of any further proceedings in the Circuit Court of Cleburne County. (Exhibit "A", Motion to Opt Out and Motion in Limine). The court granted Defendant Alfa Mutual Insurance Company's Motion to Opt Out and Motion in Limine on May 24, 2022. (Exhibit "A", Order dated May 24, 2022). Therefore, this petition is timely filed within the thirty (30) day period as required by 28 U.S.C. § 1446(b)(3).

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

6.

This case is removable under 28 U.S.C. § 1331 because the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a), which states in part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . ..

## CITIZENSHIP OF THE PARTIES

7.

Plaintiffs are citizens of the state of Alabama. (Exhibit "A", Complaint, ¶¶ 1-3).

8.

Defendant Rodney Keith Geter is a citizen of the state of Georgia. (Exhibit "A", Complaint, ¶ 6).

9.

Defendant Darling Ingredients Inc. is a Delaware corporation with its principal place of business in Irving, Texas. (See Exhibit "B", Darling Ingredients Inc. Corporate Records)

10.

Defendant Alfa Mutual Insurance Company is an Alabama corporation with its principal place of business in Montgomery, Alabama. (See Exhibit "C", Alfa Mutual Insurance Company Corporate Records). However, for purposes of diversity jurisdiction its citizenship is to be ignored as it has elected to opt out of the litigation completely and be bound by the verdict and judgment of liability and damages. Thus, the parties are citizens of different states and there is complete diversity. 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

11.

The complaint does not allege a specific sum of damages. Where the complaint is silent on the amount, a defendant in its Notice of Removal may now assert the amount in controversy. 28 U.S.C. § 1446(c)(2) (effective for all cases commenced after January 6, 2011, under the Federal Courts Jurisdiction and Venue Clarification Act of 2011). To that end, Defendants assert that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

12.

Under this new standard, when a Plaintiff's complaint is silent as to the amount of damages, a Defendant seeking removal to federal court based on diversity jurisdiction need show only, by preponderance of the evidence, that over $75,000 is likely at stake in the litigation to satisfy § 1332's amount in controversy requirement -- not that Plaintiff will likely or necessarily recover more than $75,000. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). The relevant inquiry is not how much a plaintiff is likely to recover, but whether the total amount at stake in the litigation may exceed the jurisdictional threshold. *Id.*; *see also Hammond v. Stamps.com*, 844 F. 3d 909, 912 (10th Cir. 2016) (Gorsuch, J.)("At the end of the day, even if it is highly improbable that the

plaintiffs will recover the amounts defendants have put into controversy, this does not meet the 'legally impossible' standard [and the case should remain in federal court."); *Hockenbury v. Hanover Ins. Co.*, No. CIV-15-1003-D, 2016 WL 54213, at *2 (W.D. Okla. Jan. 5, 2016) (removal should be upheld only unless the Plaintiff establishes that it is "legally certain" that less than $75,000 is at stake).

13.

Plaintiffs' Complaint seeks damages for negligence (Counts I and III), negligent entrustment (Count II), negligence per se (Count IV), and loss of consortium (Count V) related to a May 19, 2021 motor vehicle accident that occurred on Interstate 20 in Cleburne County, Georgia. (Exhibit "A", Plaintiffs' Complaint, ¶ 16).

14.

Paragraph 23 of Plaintiffs' Complaint asserts Plaintiff Kaylie Turner suffered personal injuries, including several fractures, as a result of the motor vehicle accident resulting in permanent injuries. It further states that Plaintiff Kaylie Turner has been caused to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses (and will be caused to expend more in the future), that she was caused to lose time from her employment and has sustained a loss of income (and will be caused to lose more in the future). (Exhibit

"A").

15.

Paragraph 24 of Plaintiffs' Complaint states that Plaintiff Dawson Turner suffered personal injuries, including several fractures, as a result of the motor vehicle accident resulting in permanent injuries. It further states that Plaintiff Dawson Turner has been caused to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses (and will be caused to expend more in the future), that he was caused to lose time from his employment and has sustained a loss of income (and will be caused to lose more in the future). (Exhibit "A").

16.

Plaintiffs also seek to recover punitive damages. (Exhibit "A", Prayer for Relief). Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *See Rae v. Perry*, 392 Fed. App'x 753, 755 (11th Cir. 2010).

17.

Assuming Plaintiffs were to prevail on each of the claims set forth in their Complaint, which Defendants deny, the matter in controversy has a value,

exclusive of interest and costs, in excess of $75,000.00 and is sufficient under 28 U.S.C. § 1332 (a).

18.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiffs and Defendants are citizens of different states, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

## JURISDICTIONAL REQUIREMENTS

19.

This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

20.

Defendants have not previously removed this action, or sought similar relief.

21.

Rodney Keith Geter and Darling Ingredients Inc. are the sole remaining Defendants in this case.  Therefore, each Defendant has consented to removal in accordance with 28 U.S.C. § 1446(b)(2)(A).

22.

Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

23.

Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d).  Defendants have also filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Cleburne County, Alabama.

24.

To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendants respectfully request an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

WHEREFORE, Defendants pray that this Notice of Removal be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the Circuit Court of Cleburne County, Alabama.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 17th day of June, 2022.

*s/ Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw
whitelawm@deflaw.com

***Attorney for Defendants Darling Ingredients Inc. and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendants Darling Ingredients Inc. and Rodney Keith Geter and that the foregoing has been served upon the below named counsel of record via email on this 17th day of June, 2022.

Keith T. Belt, Jr., Esq.
W. Ryan Myers, Esq.
BELT & BRUNNER, PC
880 Montclair Road, Suite 300
Birmingham, Alabama 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

James M. Shelnutt, Esq.
SHELNUTT & VARNER, PC
113 Rainbow Industrial Blvd.
Rainbow City, Alabama 35906
thealabamalawyer@gmail.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com

*s/ Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992