FILED
2022 Jun-17  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A



## ALABAMA SJIS CASE DETAIL

PREPARED FOR: MICHELLE WHITELAW

County: **18**   Case Number: **CV-2022-900017.00**   Court Action:
Style: **KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL**



Real Time

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **18-CLEBURNE** | Case Number: | **CV-2022-900017.00** | Judge: | **LHT:** |
| Style: | **KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL** | | | | |
| Filed: | **03/18/2022** | Case Status: | **ACTIVE** | Case Type: | **NEGLIGENCE MOTOR VEH** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **3** | No of Defendants: | **4** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date of Appeal: | | Disposition Type Of Appeal: | | | |

#### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **04/25/2022** | Updated By: | **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - TURNER KAYLIE

##### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **TURNER KAYLIE** | Type: | **I-INDIVIDUAL** |
| Index: | **D DARLING INGR** | Alt Name: | | Hardship: **No** | JID: **SCP** |
| Address 1: | **C/O BELT & BRUNER PC** | | | Phone: | **(256) 000-0000** |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | **880 MONTCLAIR RD STE 300** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35213-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BEL026 | | BELT KEITH THOMSON JR. | KEITHB@BELTLAWFIRM.COM | (205) 933-1500 |
| Attorney 2 | MYE014 | | MYERS WILLIAM RYAN | RYANM@BELTLAWFIRM.COM | (205) 933-1500 |
| Attorney 3 | SHE084 | | SHELNUTT JAMES MICHAEL | THEALABAMALAWYER@ GMAIL.COM | (256) 547-4988 |

### *Party 2 - Plaintiff INDIVIDUAL - TURNER DAWSON E.*

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C002-Plaintiff** | Name: | **TURNER DAWSON E.** | | Type: | **I-INDIVIDUAL** |
| Index: | **D DARLING INGR** | Alt Name: | | Hardship: **No** | JID: | **SCP** |
| Address 1: | **C/O BELT & BRUNER PC** | | | Phone: **(256) 000-0000** | | |
| Address 2: | **880 MONTCLAIR RD STE 300** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35213-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **M** | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BEL026 | | BELT KEITH THOMSON JR. | KEITHB@BELTLAWFIRM.COM | (205) 933-1500 |
| Attorney 2 | MYE014 | | MYERS WILLIAM RYAN | RYANM@BELTLAWFIRM.COM | (205) 933-1500 |

| | | | | | |
|---|---|---|---|---|---|
| Attorney 3 | SHE084 | | SHELNUTT JAMES MICHAEL | **THEALABAMALAWYER@ GMAIL.COM** | (256) 547-4988 |

## Party 3 - Plaintiff INDIVIDUAL - TURNER DANNY E.

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **C003-Plaintiff** | Name: | **TURNER DANNY E.** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D DARLING INGR** | Alt Name: | | | | JID: | **SCP** |
| Address 1: | **C/O BELT & BRUNER PC** | | | Hardship: | **No** | Phone: | **(256) 000-0000** |
| Address 2: | **880 MONTCLAIR RD STE 300** | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | | Zip: | **35213-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | | Sex: | **M** | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: | Service Type | Service On: | Served By: | Notice of No Answer: |
| Answer: | Answer Type | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BEL026 | | BELT KEITH THOMSON JR. | **KEITHB@BELTLAWFIRM.COM** | (205) 933-1500 |
| Attorney 2 | MYE014 | | MYERS WILLIAM RYAN | **RYANM@BELTLAWFIRM.COM** | (205) 933-1500 |
| Attorney 3 | SHE084 | | SHELNUTT JAMES MICHAEL | **THEALABAMALAWYER@ GMAIL.COM** | (256) 547-4988 |

## Party 4 - Defendant BUSINESS - DARLING INGREDIENTS INC.

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **DARLING INGREDIENTS INC.** | | | Type: | **B-BUSINESS** |
| Index: | **C TURNER KAYLI** | Alt Name: | | | | JID: | **LHT** |
| Address 1: | **C/O CT CORPORATION SYSTEM** | | | Hardship: | **No** | Phone: | **(256) 000-0000** |
| Address 2: | **2 N. JACKSON ST., STE 605** | | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | | Sex: | | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **03/18/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **03/23/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | Notice of No Answer:<br>Served By: |
| Answer: | **04/21/2022** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WHI143 | | WHITELAW MICHELLE GUTHRIE | WHITELAWM@DEFLAW.COM | (404) 885-1400 |

### Party 5 - Defendant BUSINESS - DAR PRO SOLUTIONS

## Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D002-Defendant** | Name: | **DAR PRO SOLUTIONS** | | | Type: | **B-BUSINESS** |
| Index: | **C TURNER KAYLI** | Alt Name: | | Hardship: | **No** | JID: | **LHT** |
| Address 1: | **C/O BELT & BRUNER PC** | | | Phone: | **(256) 000-0000** | | |
| Address 2: | **4413 TANNERS CHURCH ROAD** | | | | | | |
| City: | **ELLENWOOD** | State: | **GA** | Zip: | **30294-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **03/18/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **03/23/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | Notice of No Answer:<br>Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WHI143 | | WHITELAW MICHELLE GUTHRIE | WHITELAWM@DEFLAW.COM | (404) 885-1400 |

### Party 6 - Defendant INDIVIDUAL - GETER RODNEY KEITH

## Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D003-Defendant** | Name: | **GETER RODNEY KEITH** | | | Type: | **I-INDIVIDUAL** |
| Index: | **C TURNER KAYLI** | Alt Name: | | Hardship: | **No** | JID: | **LHT** |
| Address 1: | **4788 MAIN STREET** | | | Phone: | **(256) 000-0000** | | |
| Address 2: | | | | | | | |
| City: | **UNION CITY** | State: | **GA** | Zip: | **30291-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **M** | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |

| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | **03/18/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | **03/25/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Notice of No Answer: Served By: | |
| Answer: | **04/25/2022** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WHI143 | | WHITELAW MICHELLE GUTHRIE | **WHITELAWM@DEFLAW.COM** | (404) 885-1400 |

### Party 7 - Defendant BUSINESS - ALFA MUTUAL INSURANCE COMPANY

## Party Information

| Party: | **D004-Defendant** | Name: | **ALFA MUTUAL INSURANCE COMPANY** | | Type: | **B-BUSINESS** |
| Index: | **C TURNER KAYLI** | Alt Name: | | Hardship: | **No** | JID: | **LHT** |
| Address 1: | **C/O HERMAN ALAN SCOTT** | | | Phone: | **(256) 000-0000** | |
| Address 2: | **2108 EAST SOUTH BLVD** | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36116-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

## Court Action

| Court Action: | **O-OTHER** | | | Court Action Date: | **05/25/2022** |
| Amount of Judgement: | **$0.00** | Court Action For: | **C-PLAINTIFF** | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | **DEFENDANT OPTED OUT** | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | **03/18/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | **03/23/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Notice of No Answer: Served By: | |
| Answer: | **04/06/2022** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | STU013 | | STUBBS CHARLES DAVID | **DAVID@STUBBSSILLSFRYE.COM** | (256) 835-5050 |

### Financial

#### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $44.24 | $44.24 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $30.75 | $30.75 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CVAP | C001 | 000 | $200.00 | $200.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $352.00 | $352.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SUBP | C001 | 000 | $19.00 | $19.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | **Total:** | $790.99 | $790.99 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/21/2022 | CREDIT | CONV | 2022049 | 461270 | $29.70 | C001 | 000 | | N | | | BAY |
| 03/21/2022 | RECEIPT | AOCC | 2022049 | 461260 | $44.24 | C001 | 000 | | N | | | BAY |
| 03/21/2022 | RECEIPT | CVAP | 2022049 | 461280 | $200.00 | C001 | 000 | | N | | | BAY |
| 03/21/2022 | RECEIPT | CV05 | 2022049 | 461290 | $352.00 | C001 | 000 | | N | | | BAY |
| 03/21/2022 | RECEIPT | JDMD | 2022049 | 461300 | $100.00 | C001 | 000 | | N | | | BAY |
| 03/21/2022 | RECEIPT | VADM | 2022049 | 461310 | $45.00 | C001 | 000 | | N | | | BAY |
| 06/03/2022 | CREDIT | CONV | 2022076 | 467740 | $1.05 | C001 | 000 | | N | | | ERM |
| 06/03/2022 | RECEIPT | SUBP | 2022076 | 467750 | $19.00 | C001 | 000 | | N | | | ERM |

## SJIS Witness List

| Witness # | Name | Requesting Party | Attorney | Subpoena Date Issued | Issued Type | Date Served | Service Type |
|---|---|---|---|---|---|---|---|
| W001 | CLEBURNE COUNTY 911 | C001 | BEL026 | 06/03/2022 | CERTIFIED MAIL BY FILER | | |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 3/18/2022 | 3:57 PM | FILE | FILED THIS DATE: 03/18/2022          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | ASSJ | ASSIGNED TO JUDGE: SHANNON PAGE          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/18/2022 | 3:57 PM | D004 | D004 PARTY ADDED: ALFA MUTUAL INSURANCE COMPANY | AJA |
| 3/18/2022 | 3:57 PM | D004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/18/2022 | 3:57 PM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE          (AV02) | AJA |
| 3/18/2022 | 3:57 PM | D004 | D004 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/18/2022 | 3:57 PM | D004 | CERTIFIED MAI ISSUED: 03/18/2022 TO D004   (AV02) | AJA |
| 3/18/2022 | 3:57 PM | C001 | C001 PARTY ADDED: TURNER KAYLIE          (AV02) | AJA |
| 3/18/2022 | 3:57 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C001 | LISTED AS ATTORNEY FOR C001: BELT KEITH THOMSON J | AJA |
| 3/18/2022 | 3:58 PM | C001 | LISTED AS ATTORNEY FOR C001: MYERS WILLIAM RYAN | AJA |
| 3/18/2022 | 3:58 PM | C001 | LISTED AS ATTORNEY FOR C001: SHELNUTT JAMES MICHA | AJA |
| 3/18/2022 | 3:58 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C002 | C002 PARTY ADDED: TURNER DAWSON E.          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C002 | LISTED AS ATTORNEY FOR C002: BELT KEITH THOMSON J | AJA |
| 3/18/2022 | 3:58 PM | C002 | LISTED AS ATTORNEY FOR C002: MYERS WILLIAM RYAN | AJA |
| 3/18/2022 | 3:58 PM | C002 | LISTED AS ATTORNEY FOR C002: SHELNUTT JAMES MICHA | AJA |
| 3/18/2022 | 3:58 PM | C002 | C002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C003 | C003 PARTY ADDED: TURNER DANNY E.          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | C003 | LISTED AS ATTORNEY FOR C003: BELT KEITH THOMSON J | AJA |
| 3/18/2022 | 3:58 PM | C003 | LISTED AS ATTORNEY FOR C003: MYERS WILLIAM RYAN | AJA |
| 3/18/2022 | 3:58 PM | C003 | LISTED AS ATTORNEY FOR C003: SHELNUTT JAMES MICHA | AJA |
| 3/18/2022 | 3:58 PM | C003 | C003 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D001 | D001 PARTY ADDED: DARLING INGREDIENTS INC.  (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D001 | CERTIFIED MAI ISSUED: 03/18/2022 TO D001   (AV02) | AJA |

| | | | | | |
|---|---|---|---|---|---|
| 3/18/2022 | 3:58 PM | D001 | D001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D002 | D002 PARTY ADDED: DAR PRO SOLUTIONS | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D002 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D002 | CERTIFIED MAI ISSUED: 03/18/2022 TO D002 | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D002 | D002 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D003 | D003 PARTY ADDED: GETER RODNEY KEITH | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D003 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D003 | CERTIFIED MAI ISSUED: 03/18/2022 TO D003 | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | D003 | D003 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/18/2022 | 3:58 PM | ECOMP | COMPLAINT E-FILED. | | BEL026 |
| 3/21/2022 | 9:33 AM | ASSJ | ASSIGNED TO JUDGE: HON. BUD TURNER | (AV01) | SAM |
| 3/21/2022 | 9:33 AM | ASSJ | SPECIAL CHANGE | (AV01) | SAM |
| 3/25/2022 | 1:16 PM | ESERC | SERVICE RETURN | | SAM |
| 3/25/2022 | 1:16 PM | D002 | SERVICE OF CERTIFIED MAI ON 03/23/2022 FOR D002 | | SAM |
| 3/25/2022 | 1:18 PM | ESERC | SERVICE RETURN | | SAM |
| 3/25/2022 | 1:18 PM | D004 | SERVICE OF CERTIFIED MAI ON 03/23/2022 FOR D004 | | SAM |
| 3/28/2022 | 1:34 PM | ESERC | SERVICE RETURN | | SAM |
| 3/28/2022 | 1:34 PM | D003 | SERVICE OF CERTIFIED MAI ON 03/25/2022 FOR D003 | | SAM |
| 3/29/2022 | 3:01 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | | WHI143 |
| 3/29/2022 | 3:01 PM | D001 | LISTED AS ATTORNEY FOR D001: WHITELAW MICHELLE GU | | AJA |
| 3/29/2022 | 3:01 PM | D002 | LISTED AS ATTORNEY FOR D002: WHITELAW MICHELLE GU | | AJA |
| 3/29/2022 | 3:01 PM | D003 | LISTED AS ATTORNEY FOR D003: WHITELAW MICHELLE GU | | AJA |
| 3/30/2022 | 3:14 PM | ESERC | SERVICE RETURN | | WAS |
| 3/30/2022 | 3:14 PM | D001 | SERVICE OF CERTIFIED MAI ON 03/23/2022 FOR D001 | | WAS |
| 4/6/2022 | 3:19 PM | EANSW | D004 - COMPLAINT DENIED E-FILED. | | STU013 |
| 4/6/2022 | 3:19 PM | D004 | LISTED AS ATTORNEY FOR D004: STUBBS CHARLES DAVID | | AJA |
| 4/6/2022 | 3:19 PM | D004 | ANSWER OF COMP DENIED ON 04/06/2022 FOR D004(AV02) | | AJA |
| 4/21/2022 | 2:58 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | | WHI143 |
| 4/21/2022 | 2:58 PM | D001 | ANSWER OF COMP DENIED ON 04/21/2022 FOR D001(AV02) | | AJA |
| 4/25/2022 | 8:24 AM | EANSW | D003 - COMPLAINT DENIED E-FILED. | | WHI143 |
| 4/25/2022 | 8:24 AM | D003 | ANSWER OF COMP DENIED ON 04/25/2022 FOR D003(AV02) | | AJA |
| 5/3/2022 | 12:51 PM | EMOT | C001-PROTECTIVE ORDER FILED. | | BEL026 |
| 5/3/2022 | 12:57 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | BEL026 |
| 5/3/2022 | 12:58 PM | EMOT | C001-PROTECTIVE ORDER /DOCKETED | | SAM |
| 5/6/2022 | 7:43 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |
| 5/6/2022 | 8:18 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |
| 5/9/2022 | 1:50 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |
| 5/11/2022 | 3:19 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | STU013 |
| 5/12/2022 | 9:55 AM | JEORDE | ORDER GENERATED FOR PROTECTIVE ORDER - RENDERED & ENTERED: 5/12/2022 9:55:00 AM - HIPAA ORDER IN CIVIL ACTION | | |
| 5/17/2022 | 4:14 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |
| 5/18/2022 | 8:50 AM | EMOT | D004-OTHER - MOTION TO OPT OUT AND MOTION IN LIMINE FILED. | | STU013 |
| 5/18/2022 | 8:55 AM | EMOT | D004-OTHER /DOCKETED | | SAM |
| 5/20/2022 | 10:48 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | | BEL026 |
| 5/24/2022 | 4:09 PM | JEORDE | ORDER GENERATED FOR OTHER - MOTION TO OPT OUT AND MOTION IN LIMINE - RENDERED & ENTERED: 5/24/2022 4:09:59 PM - ORDER | | |
| 5/25/2022 | 8:08 AM | D004 | D004 DISPOSED BY (OTHER) ON 05/25/2022 | (AV02) | SAM |
| 5/26/2022 | 1:37 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |
| 6/3/2022 | 1:00 PM | ESUBP | SUBPOENA FOR CLEBURNE COUNTY 911 E-FILED BY C001 - TURNER KAYLIE | | BEL026 |
| 6/3/2022 | 1:02 PM | W001 | ADDED: CLEBURNE COUNTY 911 | (AW21) | AJA |
| 6/3/2022 | 1:02 PM | W001 | ISSUED: 06032022 - CERT MAIL-FILR; CLEBURNE COUNTY | | AJA |
| 6/6/2022 | 7:42 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | | WHI143 |

| 6/15/2022 | 3:07 PM | JEORDE | ORDER E-FILED - ORDER APPROVING CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER - E-FILE ORDER - RENDERED & ENTERED: 6/15/2022 3:07:45 PM | |
| 6/17/2022 | 10:26 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | WHI143 |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 3/18/2022 3:57:17 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/18/2022 3:57:18 PM | 2 | COMPLAINT | | 17 |
| 3/18/2022 3:57:18 PM | 3 | INTERROGATORIES(R33) | Interrogatories and Request for Production to Darling Ingredients Inc and Dar Pro Solutions | 15 |
| 3/18/2022 3:57:18 PM | 4 | INTERROGATORIES(R33) | Interrogatories and Request for Production to Rodney Keith Geter | 10 |
| 3/18/2022 3:57:18 PM | 5 | INTERROGATORIES(R33) | Interrogatories and Request for Production to ALFA Mutual Insurance Company | 6 |
| 3/18/2022 3:58:02 PM | 6 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 3/18/2022 3:58:03 PM | 7 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 4 |
| 3/25/2022 1:16:39 PM | 8 | SERVICE RETURN | SERVICE RETURN | 2 |
| 3/25/2022 1:16:44 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 9 |
| 3/25/2022 1:18:43 PM | 10 | SERVICE RETURN | SERVICE RETURN | 2 |
| 3/25/2022 1:18:47 PM | 11 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 9 |
| 3/28/2022 1:34:27 PM | 12 | SERVICE RETURN | SERVICE RETURN | 2 |
| 3/28/2022 1:34:36 PM | 13 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/29/2022 3:00:55 PM | 14 | NOTICE OF APPEARANCE | Notice of Special Appearance | 3 |
| 3/29/2022 4:25:29 PM | 15 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 3/30/2022 3:14:17 PM | 16 | SERVICE RETURN | SERVICE RETURN | 2 |
| 3/30/2022 3:14:24 PM | 17 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 4/6/2022 3:19:11 PM | 18 | ANSWER | Alfa's Answer to Complaint | 9 |
| 4/6/2022 3:19:17 PM | 19 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 4/21/2022 2:57:57 PM | 20 | ANSWER | Answer for Darling Ingredients, Inc. d/b/a Dar Pro Solutions | 16 |
| 4/21/2022 2:57:58 PM | 21 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 4/25/2022 8:23:40 AM | 22 | ANSWER | Answer of Rodney Keith Geter | 17 |
| 4/25/2022 8:23:43 AM | 23 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/3/2022 12:51:00 PM | 24 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 5/3/2022 12:51:01 PM | 25 | MOTION | Motion for HIPAA Order | 5 |
| 5/3/2022 12:51:01 PM | 26 | PROPOSED ORDER | HIPAA ORDER IN CIVIL ACTION | 2 |
| 5/3/2022 12:51:03 PM | 27 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/3/2022 12:56:45 PM | 28 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party Subpoena to T-Mobile USA Inc | 7 |
| 5/3/2022 12:56:52 PM | 29 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/6/2022 7:43:11 PM | 30 | NOTICE OF DISCOVERY | Rule 5(d) NOTICE | 3 |
| 5/6/2022 7:43:36 PM | 31 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/6/2022 8:17:27 PM | 32 | NOTICE OF DISCOVERY | DARLING INGREDIENTS, INC/ D/B/A DAR PRO SOLUTIONS PRIVILEGED DOCUMENTS LOG | 2 |
| 5/6/2022 8:17:44 PM | 33 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/9/2022 1:49:50 PM | 34 | NOTICE OF DISCOVERY | Approved Confidentiality Stipulation and Protective Order | 14 |
| 5/9/2022 1:49:50 PM | 35 | MISC. DOCUMENT | Proposed Order Approving Confidentiality Stipulation and Protective Order | 1 |
| 5/9/2022 1:49:55 PM | 36 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/11/2022 3:19:42 PM | 37 | NOTICE OF DISCOVERY | Notice of Service of Discovery Responses by Alfa | 2 |
| 5/11/2022 3:19:45 PM | 38 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/12/2022 9:54:55 AM | 39 | HIPAA ORDER IN CIVIL ACTION | HIPAA ORDER IN CIVIL ACTION | 2 |
| 5/12/2022 9:55:00 AM | 40 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/17/2022 4:14:09 PM | 41 | NOTICE OF DISCOVERY | DEFENDANTS' NOTICE OF OBJECTION TO ISSUANCE OF RULE 45 SUBPOENA TO NON-PARTY T-MOBILE USA, INC. | 4 |
| 5/17/2022 4:14:10 PM | 42 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/18/2022 8:49:41 AM | 43 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 5/18/2022 8:49:41 AM | 44 | MOTION | Motion to Opt Out and Motion in Limine | 3 |
| 5/18/2022 8:49:43 AM | 45 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |

| 5/20/2022 10:47:12 AM | 46 | NOTICE OF DISCOVERY | Notice of Service of Notice of Intent to Serve Non-Party Subpoena to Cleburne County 911 | 6 |
| 5/20/2022 10:47:15 AM | 47 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/24/2022 4:09:53 PM | 48 | ORDER | MOTION GRANTED - Other | 1 |
| 5/24/2022 4:10:02 PM | 49 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/26/2022 1:37:22 PM | 50 | NOTICE OF DISCOVERY | DEFENDANTS' WITHDRAWAL OF OBJECTION TO ISSUANCE OF RULE 45 SUBPOENA TO NON-PARTY T-MOBILE USA, INC. | 3 |
| 5/26/2022 1:37:25 PM | 51 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 6/3/2022 12:59:44 PM | 52 | SUBPOENA | Subpoena for CLEBURNE COUNTY 911 | 2 |
| 6/3/2022 12:59:44 PM | 53 | SUPPORTING DOCUMENT | Non-Party Subpoena to Cleburn Co 911 | 6 |
| 6/3/2022 1:01:46 PM | 54 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/6/2022 7:42:10 PM | 55 | NOTICE OF DISCOVERY | RULE 5(d) NOTICE | 3 |
| 6/6/2022 7:42:10 PM | 56 | MISC. DOCUMENT | NOTICE OF FILING DEFENDANT RODNEY KEITH GETER'S PRIVILEGED DOCUMENTS LOG W/LOG ATTACHED | 4 |
| 6/6/2022 7:42:13 PM | 57 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 6/15/2022 3:07:37 PM | 58 | ORDER APPROVING CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER | E-FILE ORDER | 1 |
| 6/15/2022 3:07:47 PM | 59 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 6/17/2022 10:25:54 AM | 60 | NOTICE OF DISCOVERY | RULE 5(d) NOTICE | 4 |
| 6/17/2022 10:25:55 AM | 61 | MISC. DOCUMENT | NOTICE OF FILING AMENDED PRIVILEGED DOCUMENTS LOG w/LOG ATTACHED | 4 |
| 6/17/2022 10:25:56 AM | 62 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |

 *END OF THE REPORT*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>18-CV-2022-900017.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA**
**KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL**

**NOTICE TO:** DAR PRO SOLUTIONS, C/O BELT & BRUNER PC 4413 TANNERS CHURCH ROAD, ELLENWOOD, GA 30294

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KEITH T BELT JR JR

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 880 Montclair Road, Suite 300, BIRMINGHAM, AL 35213

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAYLIE TURNER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/18/2022 | /s/ WARREN SARRELL III | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ KEITH T BELT JR JR
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____
*(Date)*

_____
*(Address of Server)*

| *(Type of Process Server)* | *(Server's Signature)* | |
|---|---|---|

*(Server's Printed Name)*          *(Phone Number of Server)*

**18-CV-2022-900017.00**
KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL

| C001 - KAYLIE TURNER | v. | D002 - DAR PRO SOLUTIONS |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

DOCUMENT 1

ELECTRONICALLY FILED
3/18/2022 3:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

| State of Alabama | **COVER SHEET** | Ca | |
|---|---|---|---|
| Unified Judicial System | **CIRCUIT COURT - CIVIL CASE** | 18 | |
| Form ARCiv-93   Rev. 9/18 | (Not For Domestic Relations Cases) | Date of Filing:        Judge Code: <br> 03/18/2022 | |

| GENERAL INFORMATION |
|---|

### IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA
### KAYLIE TURNER ET AL v. DARLING INGREDIENTS INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual      **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other      ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
         Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
         Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM**         O ☐ **OTHER**
                                              **DISTRICT COURT**

            R ☐ **REMANDED**              T ☐ **TRANSFERRED FROM**
                                              **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO      Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| BEL026 | 3/18/2022 3:57:48 PM | /s/ KEITH T BELT JR JR |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions:      ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
3/18/2022 3:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

**KAYLIE TURNER,** Individually,                )
**DAWSON TURNER,** Individually,           )
By and through his Mother and Next       )
Friend, **KAYLIE TURNER,**                        )
**DANNY TURNER,** Individually,               )
                                                                        )
      Plaintiffs,                                          )
                                                                        )      CIVIL ACTION NO.:
                                                                        )
v.                                                                     )
                                                                        )
**DARLING INGREDIENTS, INC.,**           )
A Corporation, and/or d/b/a                      )     **JURY TRIAL REQUESTED**
**DAR PRO SOLUTIONS,** A Corporation, )
**RODNEY KEITH GETER,** Individually,  )

**ALFA MUTUAL INSURANCE COMPANY,** a domestic insurance company; and **No. 1,** whether singular or plural, the driver(s) of the motor vehicle(s) which collided into the vehicle operated by Plaintiff on the occasion made the basis of this suit; **No. 2,** whether singular or plural, the owner of the motor vehicle that collided into the vehicle operated by Plaintiff on the occasion made the basis of this suit; **No. 3,** whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle(s), or its component parts on the vehicle in which collided with Plaintiff on the occasion made the basis of this suit; **No. 4,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5,** whether singular or plural, that individual or entity who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6,** whether singular or plural, that individual or entity who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s), or its component parts involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 9,** whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, installed, serviced, or maintained the vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit; **No. 11,** whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment

1

DOCUMENT 2

used or available for use therewith;  **No. 12,** whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;  **No. 13,** whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, installation, service, or to the selection, training and hiring of employees responsible for the maintenance, operation, installation or service for any of the vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit;  **No. 14,** whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiffs on the occasion made the basis of this lawsuit (including, but not limited to, uninsured and/or underinsured motorist coverage);  **No. 15,** whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicle(s), and its component parts involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein;  **No. 16,** whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;  **No. 17,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  **No. 18,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above;  **No. 19,** whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;  **No. 20,** those persons or entities that sold, provided, or served any intoxicating beverages to any Defendant prior to the accident made the basis of this complaint; Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

)

Defendants.                )

# C O M P L A I N T

## PARTIES

1.    Plaintiff, **KAYLIE TURNER**, at all times material to the allegations of this Complaint was

and is a resident citizen of Ranburne, in Cleburne County, Alabama, and is over the age of

nineteen (19) years.

DOCUMENT 2

2.      Plaintiff, **DAWSON TURNER**, at all times material to the allegations of this Complaint is a minor, and is a resident citizen of Ranburne, in Cleburne County, Alabama.  **DAWSON TURNER**, brings this suit by and through his Mother and Next Friend, **KAYLIE TURNER**.

3.      Plaintiff, **DANNY TURNER**, at all times material to the allegations of this Complaint was and is a resident citizen of Ranburne, in Cleburne County, Alabama, and is over the age of nineteen (19) years.  Plaintiff, **DANNY TURNER,** at all material times relevant, was and is the husband of Plaintiff, **KAYLIE TURNER**, and the father of minor, **DAWSON TURNER**.

4.      Suit is brought against Defendant, **DARLING INGREDIENTS, INC.,** (hereinafter referred to as "**DARLING**") because they are the owner or had control over a vehicle identified as 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909. Defendant, **RODNEY KEITH GETER,** (hereinafter referred to as "**GETER**" operated said vehicle on behalf of **DARLING INGREDIENTS, INC., and/or d/b/a DAR PRO SOLUTIONS,** in Cleburne County, Alabama, and having its principal place in business in Irving, Texas at all times material to the allegations in this Complaint.  Defendant, **DARLING INGREDIENTS, INC.,** is the parent company of Defendant and/or doing business as, **DAR PRO SOLUTIONS** (hereinafter referred to as "**DAR PRO**".  **DAR PRO SOLUTIONS** is a brand of **DARLING INGREDIENTS, INC.**

5.      Suit is brought against Defendant, **DARLING., and/or DAR PRO,** because they are the employer of **GETER,** while he was operating a 2016 Mack Truck Model#

3

GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909. Defendant, **GETER,** operated said vehicle on behalf of **DARLING and/or d/b/a DAR PRO,** in Cleburne County, Alabama, and having its principal place in business in Ellenwood, Georgia at all times material to the allegations in this Complaint.

6.    Defendant, **RODNEY KEITH GETER,** at all times material to the allegations of this Complaint was and is a resident citizen of Union City, Georgia, and is over the age of nineteen (19) years. Defendant, **GETER,** is the operator of a vehicle identified as 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909. Defendant, **GETER,** operated said vehicle on behalf of the **DARLING and/or d/b/a DAR PRO,** in Cleburne County, Alabama.

7.    Defendant **ALFA MUTUAL INSURANCE COMPANY** (hereinafter "**ALFA**") is an insurance company created and existing pursuant to the laws of Alabama. At all times relevant hereto, Defendant **ALFA** provided automobile insurance coverage, including but not limited to uninsured/underinsured motorists coverage and medical payment benefits, to Plaintiff **KAYLIE TURNER** pursuant to ALFA Policy No.: 19000058413 issued to Danny and Kaylie Turner.

## VENUE & JURISDICTION

8.    Jurisdiction is proper in this Court pursuant to Ala. Code § 12-11-30, and venue is proper in this Court pursuant to Ala. Code § 6-3-2(a) (3).

4

## FACTS

9.     On or about May 19, 2021, Plaintiff, **KAYLIE TURNER**, was operating a vehicle owned by Plaintiff, **DANNY TURNER,** specifically, a 2021 Chevrolet Traverse LS bearing VIN # 1GNERFKW4MJ184320.  On or about May 19, 2021, Plaintiff, **KAYLIE TURNER**, was travelling east bound on I-20 between AL 281 and AL-199 at Mile Post 196.2 in Cleburne County, Alabama, when Defendant, **GETER**, made an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff to strike the rear of Defendants' vehicle.  Plaintiff, **DAWSON TURNER,** a minor, was a passenger in the vehicle driven by **KAYLIE TURNER.**  At the time of the accident, Plaintiffs, **KAYLIE TURNER and DAWSON TURNER**, a minor, were severely injured and damaged.

10.    On or about May 19, 2021, Defendant, **GETER,** an employee, agent, servant, and/or representative of Defendant, **DARLING and/or d/b/a DAR PRO,** was operating a vehicle owned by **DARLING and/or d/b/a DAR PRO**, specifically, 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909 and traveling east bound on I-20 between AL 281 and AL-199 at Mile Post 196.2 in Cleburne County, Alabama.  Defendant, **GETER,** made an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff to strike the rear of Defendants' vehicle.

11.    At all times relevant hereto, Plaintiff **KAYLIE TURNER** carried automobile insurance, including but not limited to uninsured/underinsured motorists coverage and medical payment benefits, pursuant to ALFA Policy No.: 19000058413 issued to Plaintiffs, DANNY **TURNER and KAYLIE TURNER**.

DOCUMENT 2

12.   At the time of the crash, Plaintiffs **KAYLIE TURNER and/or DAWSON TURNER,** a minor, met the terms of an "insured" under said policy. Likewise, Defendant **RODNEY KEITH GETER** met the terms of an "uninsured motorist" and/or "underinsured motorist" for the subject crash, and all other conditions precedent exist so as to allow Plaintiffs **KAYLIE TURNER and/or DAWSON TURNER,** a minor, to recover uninsured/underinsured motorist benefits and/or medical payment benefits under said policy.

13.   As a proximate result of the aforementioned events, Plaintiffs **KAYLIE TURNER and/or DAWSON TURNER,** a minor, suffered personal injuries and economic damages described in detail below.

## COUNT I
### (Negligence, Wantonness, and/or Reckless Conduct
by DARLING INGREDIENTS, INC. and/or d/b/a DAR PRO SOLUTIONS)

14.   Plaintiffs re-adopt and re-incorporate Paragraphs 1 through 13 as if fully set out herein.

15.   On or about May 19, 2021, upon a public roadway, to-wit, east bound on I-20 between AL 281 and AL-199 at Mile Post 196.2 in Cleburne County, Alabama, **GETER,** an employee, agent, servant, and/or representative of Defendant, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** was operating a vehicle for or on behalf of the Defendants, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** specifically, 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909, and made an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff's

DOCUMENT 2

vehicle to strike the rear of Defendants' vehicle.

16.     On or about May 19, 2021,  **GETER,** an employee, agent, servant, and/or representative of Defendant, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** negligently, recklessly, and/or wantonly caused or allowed a motor vehicle owned and/or controlled by the Defendant to make an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff's vehicle to strike the rear of Defendants' vehicle. Said negligent, reckless, and/or wanton conduct was the proximate cause of injuries and damages to the Plaintiffs, **KAYLIE TURNER and DAWSON TURNER,** a minor, as outlined below.

17.     At all times relevant hereto, Defendant, **GETER,** was an employee/agent of Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** and was acting within the line and scope of his employment/agency. As a result, Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** is vicariously liable to Plaintiff for the injuries and damages of **KAYLIE TURNER and/or DAWSON TURNER,** a minor, as a result of the negligent, wanton, reckless, willful, and/or unlawful conduct of Defendant, **GETER**.

18.     Moreover, Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** had an affirmative duty to supervise the actions of its employee/agent, Defendant, **GETER**, and to ensure that he was operating the subject vehicle in accordance with all applicable laws, standards, regulations and rules of any type. Defendant **DARLING and/or d/b/a**

DAR PRO negligently and/or wantonly failed to discharge said duty.

19.  Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** had a duty to evaluate and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including **GETER.**   Defendant **DARLING and/or d/b/a DAR PRO** negligently and/or wantonly failed to discharge said duty.

20.  Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** had a duty to evaluate and determine the qualifications of its motor vehicle drivers, including **GETER,** prior to hiring said driver and Defendant **DARLING and/or d/b/a DAR PRO** negligently and/or wantonly failed to discharge said duty.

21.  Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** had a duty to ensure, through evaluation and training, that the drivers of its motor vehicles, including **GETER,** had the knowledge and skills necessary to operate a motor vehicle like the one he was operating on the occasion made basis of Plaintiffs' claims. Defendant **DARLING and/or d/b/a DAR PRO** negligently and/or wantonly failed to discharge said duty.

22.  Defendant **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** had a duty to properly maintain the equipment being operated by **GETER** on the occasion made basis of Plaintiff's claims. Defendant **DARLING and/or d/b/a DAR PRO** negligently and/or

wantonly failed to discharge said duty by negligently and/or wantonly failing to inspect, repair, and maintain said vehicle in good working condition to ensure that it was fit for safe operation upon the roadways.

23.    The aforesaid negligent, reckless, wanton and/or other wrongful conduct of each of the above-described Defendant, **DARLING INGREDIENTS, INC., and/or d/b/a DAR PRO SOLUTIONS, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** combined and concurred, proximately caused the following injuries and damages of the Plaintiff, **KAYLIE TURNER**:

    (a)    Plaintiff was caused to suffer closed displaced bicondylar fracture of right tibia; fracture of tibial plafond with involvement of fibula, left; closed bimalleolar fracture of the left ankle, closed fracture of proximal end of right tibia, open non-displaced intra-articular fracture of right calcaneus; closed displaced fracture of third metacarpal bone of left hand, fractures requiring surgery, contusions, and other injuries;

    (b)    Plaintiff was caused to be permanently injured;

    (c)    Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure her injuries;

    (d)    Plaintiff was caused to be unable to pursue many of her normal and usual activities; and

    (e)    Plaintiff was caused to lose time from her employment, thereby sustaining a loss of income;

    (f)    Plaintiff is expected to lose time from her employment in the future, which will result in additional lost wages; and

    (g)    Plaintiff was caused to suffer severe pain, mental anguish and emotional distress.

24.    The aforesaid negligent, reckless, wanton and/or other wrongful conduct of each of the above-described Defendant, **DARLING INGREDIENTS, INC., and/or d/b/a DAR PRO SOLUTIONS, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,**

**12, 13, 14, 15, 16, 17, 18, 19, and 20,** combined and concurred, proximately caused the

following injuries and damages of the Plaintiff, **DAWSON TURNER, a minor:**

(a)     Plaintiff was caused to suffer closed displaced bicondylar fracture of right tibia; fracture
of tibial plafond with involvement of fibula, left;  closed bimalleolar fracture of the left
ankle, closed fracture of proximal end of right tibia, open non-displaced intra-articular
fracture of right calcaneus; closed displaced fracture of third metacarpal bone of left
hand, fractures requiring surgery, contusions, and other injuries;

(b)     Plaintiff was caused to be permanently injured;

(c)     Plaintiff was caused and will be caused in the future to expend large sums of money in
the nature of doctor, hospital, drug and other medical expenses in and about an effort
to heal and cure his injuries;

(d)     Plaintiff was caused to be unable to pursue many of his normal and usual activities; and

(e)     Plaintiff was caused to lose time from his employment, thereby sustaining a loss of
income;

(f)     Plaintiff is expected to lose time from his employment in the future, which will result
in additional lost wages; and

(g)     Plaintiff was caused to suffer severe pain, mental anguish and emotional distress.

## COUNT II
### (Negligent Entrustment by
### DARLING INGREDIENTS, INC. and/or d/b/a DAR PRO SOLUTIONS)

25.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 24 as if fully set out herein.

26.     On or about May 19, 2021, Defendants, **DARLING and/or d/b/a DAR PRO, and/or**

**fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,**

**19, and 20,** owned, rented, leased, and/or controlled a 2016 Mack Truck Model#

GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909 to Defendant, **GETER,** an

employee, agent, servant, and/or representative of Defendant, **DARLING and/or d/b/a**

10

DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,

27.    On or before May 19, 2021, the Defendants, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** were the owners and/or lessors of and had the right to control over the vehicle being operated by Defendant, **GETER**. Defendants, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** as default owner and/or lessor negligently entrusted the aforementioned vehicle to Defendant, **GETER**. The accident at issue occurred east bound on I-20 between AL 281 and AL-199 at Mile Post 196.2 in Cleburne County, Alabama, was caused by Defendant, **GETER,** when he allowed the vehicle he was operating to make an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff's vehicle to strike the rear of Defendants' vehicle. Defendant, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** entrusted said vehicle to Defendant, **GETER**, and is therefore liable to the Plaintiffs. Said negligent entrustment was a proximate cause of the severe injuries and damages as described in Count I.

## COUNT III
### (Negligence, Wantonness, and/or Reckless Conduct by RODNEY KEITH GETER)

28.    Plaintiffs re-adopt and re-allege Paragraphs 1-27 as if fully set out herein.

11

29.   On or about May 19, 2021, upon a public roadway, to-wit, east bound on I-20 between AL 281 and AL-199 at Mile Post 196.2 in Cleburne County, Alabama, **GETER,** an employee, agent, servant, and/or representative of Defendant, **DARLING and/or d/b/a DAR PRO, and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** was operating a vehicle for or on behalf of the Defendants, **DARLING and/or d/b/a DAR PRO,** specifically, 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909, and made an improper lane change and abruptly slowed down in an attempt to make an illegal u-turn, causing Plaintiff's vehicle to strike the rear of Defendants' vehicle. Defendant, **GETER** was driving as an agent and/or representative for **DARLING and/or d/b/a DAR PRO,** specifically was driving a 2016 Mack Truck Model# GVPT2TRAC100 bearing VIN# 1M1AW09Y4GM056909. Said negligent, reckless, and/or wanton conduct was the proximate cause of injuries and damages to the Plaintiffs, **KAYLIE TURNER and DAWSON TURNER,** a minor, as outlined in Count I.

30.   The aforesaid negligent, reckless, wanton and/or other wrongful conduct of the above-described Defendant, **GETER,** combined and concurred, and as a proximate consequence thereof, the Plaintiffs, **KYLIE TURNER and DAWSON TURNER,** a minor, was injured and damaged as outlined in Count I.

## COUNT IV
### (Negligence Per Se by RODNEY KEITH GETER, DARLING INGREDIENTS, INC. and/or d/b/a DAR PRO SOLUTIONS)

31.   Plaintiffs re-adopt and re-allege Paragraphs 1-30 as if fully set out herein.

32.     At the aforesaid time and place, Defendant **GETER, an employee, agent, servant,
and/or representative of  defendant, DARLING AND/OR D/B/A DAR PRO,
AND/OR FICTITIOUS PARTY DEFENDANTS NUMBERED 1, 2, 3, 4, 5, 6, 7, 8,
9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, AND 20,  and/or fictitious party defendants
numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20,** negligently
operated a motor vehicle upon the roadways of Alabama by, amongst other things, violating
one or more of the "Rules of the Road" codified at Ala. Code § 32-5A-1, *et seq.*  Defendant,
**GETER,** as an employee, agent, servant, and/or representative of defendant, **DARLING
AND/OR D/B/A DAR PRO,** was negligent per se in violating the following "Rules of
the Road", including, but not limited to the following:

(A)     Ala. Code § 32-5A-174 – Minimum speed regulation that states:

(1)     No person shall drive a motor vehicle at such a slow speed as to impede the
normal and reasonable movement of traffic except when reduced speed is
necessary for safe operation or in compliance with law.

(B)     Ala. Code § 32-5A-190 – Reckless driving that states:

(1)     Any person who drives any vehicle carelessly and heedlessly in willful or
wanton disregard for the rights or safety of persons or property, or without
due caution and circumspection and at a speed or in a manner so as to
endanger or be likely to endanger any person or property, shall be guilty of
reckless driving.

33.     The aforesaid negligent per se of the above-described Defendant, **GETER,** an employee,
agent, servant, and/or representative of defendant, **DARLING and/or d/b/a DAR PRO,**

combined and concurred, and as a proximate consequence thereof, the Plaintiffs, **KYLIE TURNER and DAWSON TURNER**, a minor, was injured and damaged as outlined in Count I.

## COUNT V
### Claim for Uninsured/Underinsured Motorist Benefits & Medical Payment Benefits – Defendant ALFA

34.   Plaintiffs re-adopt and re-allege Paragraphs 1-33 as if fully set out herein.

35.   At all times relevant hereto, Defendant **ALFA** had in force policies of insurance wherein Plaintiffs **KAYLIE TURNER and/or DAWSON TURNER,** a minor, met the definition of an "insured."

36.   Plaintiffs further aver that their injuries and damages herein described arose out of and were a proximate consequence of the negligent or wanton conduct of Defendant **GETER,** who is an "uninsured motorist" or "underinsured motorist" as defined by the terms of said insurance policy.

37.   On or around May 19, 2021, Defendant **DARLING and/or d/b/a DAR PRO** and/or Defendant **GETER** had liability insurance coverage on the vehicle Defendant **GETER** was driving at the time of said collision; however, the sum of the limits of liability under all bodily injury liability bonds and insurance policies of Defendants that are available to Plaintiffs may be less than the damages which Plaintiffs are legally entitled to recover.

38.   Plaintiff is entitled to UM/UIM benefits from Defendant **ALFA** under the Policy, but Plaintiff has not received said benefits under the Policy.

14

39.     Plaintiffs are entitled to recover, and makes demand, of all damages available to them at law against Defendant **ALFA** for the aforementioned negligent, wanton, and/or wrongful conduct of said uninsured/underinsured motorists described above.

## COUNT VI
### (Loss of Consortium)

40.     Plaintiffs re-adopt and re-allege Paragraphs 1-39 as if fully set out herein.

41.     Plaintiff, **DANNY TURNER,** has been married to **KAYLIE TURNER** at all times material hereto.

42.     Plaintiff, **DANNY TURNER,** is the father of Plaintiff, **DAWSON TURNER,** a minor, at all times material hereto.

43.     The aforesaid breach of legal duties by each of the Defendants as heretofore set forth in Count I, II, III, IV, and V, combined and concurred, and, as a proximate consequence of said negligent, wanton or wrongful conduct, the Plaintiff, **DANNY TURNER,** was caused to suffer the following injuries and damages:

   (a)     He was caused and will be caused in the future to lose the services and consortium of his wife.

   (b)     He was caused and will be case in the future to lose the services and consortium of his minor child.

   (c)     He was caused and will be caused in the future to suffer great emotional and mental distress and anguish.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

/s/KEITH T. BELT, JR.
**KEITH T. BELT, JR. (BEL-026)**
**W. RYAN MYERS (MYE-014)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone: (205) 933-1500
Fax:     (205) 933-5500
E-Mail: keithb@beltlawfirm.com
           ryanm@beltlawfirm.com

/s/JAMES M. SHELNUTT
**JAMES M. SHELNUTT (SHE-084)**
Attorneys for Plaintiff

**OF COUNSEL:**
James M. Shelnutt, Esq.
**SHELNUTT & VARNER P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:    thealabamalawyer@gmail.com

16

## JURY DEMAND

Pursuant to the Alabama Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts

herein in this action.

/s/KEITH T. BELT, JR.
ATTORNEY FOR PLAINTIFF

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Plaintiff hereby requests that the clerk serve the Defendant by certified mail, return receipt requested.

/s/KEITH T. BELT, JR.
OF COUNSEL

**ADDRESSES OF ALL PARTIES:**

**DARLING INGREDIENTS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**DAR PRO SOLUTIONS**
4413 Tanners Church Road
Ellenwood, GA 30294

**RODNEY KEITH GETER**
4788 Main Street
Union City, GA 30291

**ALFA MUTUAL INSURANCE COMPANY**
c/o Herman Alan Scott
2108 East South Blvd.
Montgomery, AL 36116

17

DOCUMENT 3



ELECTRONICALLY FILED
3/18/2022 3:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, | ) |
| **DAWSON TURNER,** Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, **KAYLIE TURNER,** | ) |
| **DANNY TURNER,** Individually, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| **DARLING INGREDIENTS, INC.,** | ) |
| A Corporation, and/or d/b/a | ) |
| **DAR PRO SOLUTIONS,** A Corporation, | ) |
| **RODNEY KEITH GETER,** Individually, | ) |
| **ALFA MUTUAL INSURANCE** | ) |
| **COMPANY,** Et. Al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT DARLING INGREDIENTS AND/OR DAR PRO SOLUTIONS

COME NOW the Plaintiffs in the above-styled cause, and requests that this Defendants, DARLING INGREDIENTS, INC., and/or DAR PRO SOLUTIONS answer the following interrogatories and request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories or in the Defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE B: If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such document comprising said file) by title, along with a short description of its subject matter.

DOCUMENT 3

## DEFINITIONS:

1.  "You" or "Your". The person or entity to whom these requests are addressed; its officers, directors, agents and employees; or any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate; or any person acting on your behalf; or any person within a "controlled group of corporations" of which you are a member.

2.  "Person". Any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

3.  "Communicate" or "communication". Every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

4.  "Document". Any original written, typewritten, handwritten, printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, drafts of documents, business records, diaries, calendars, address and telephone records, photographs, tape recordings, videos, financial statements and records, and any information stored on any computer, computer tape, and/or disc, to include any electronic mail or "e-mail".

    Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have you have the right to secure the document or a copy thereof from another person or private entity having actual possession thereof.

    If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

    If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

5.  "Identify":

    (A)  As to a person (as defined): name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business;

    (B)  As to a document: the type of document (letter, memo, etc.), the identity of the

author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief, description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure:

(C)   As to a communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed;

(D)   As to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

6.   "Or" shall be construed either conjunctively or disjunctively to bring within the scope of this request for production of documents any information which might otherwise be construed to be outside their scope.

7.   The singular includes the plural number, and vice versa.   The masculine includes the feminine and neuter genders.   The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INTERROGATORIES

1.   Is this Defendant properly designated in the Complaint filed in this cause?  If not, state the correct way this Defendant should be designated as a party defendant in an action at law.

2.   As to the subject driver, please provide the following:

(a)   Name of employer on date of accident
(b)   Dates of employment with you
(c)   Job title and description of duties
(d)   Reason for cessation of employment if no longer employed
(e)   Hours he was working for you on the day of the accident

3.   State the purpose of the trip that was in process when the incident made the basis of this action occurred. Your response should include the departure point and intended destination and the purpose being achieved or customer he was working for.

4.   State the name, current residential address, phone number, and employer of all persons who

DOCUMENT 3

were in the vehicle at the time of the incident made the basis of this action.

5.   List each and every lawsuit and/or insurance claim made against this Defendant arising out the use of any motor vehicle.

6.   State the full name and address of each and every person this Defendant is aware of that witnessed any aspect of the subject accident, the aftermath, or any aspect of damage suffered by the Plaintiffs.   As to each individual, summarize what they saw or know to your knowledge.

7.   Has this Defendant or anyone acting on this Defendant's behalf, obtained a statement (regardless of form, i.e., writing, audio recording) from any person believed to have knowledge about the accident/injury forming the basis of this lawsuit? If answered in the affirmative, state the name, residential address, and phone number from whom each statement was obtained, the form of the statement (handwritten, transcribed, audio recording, etc.), the date when such statement was obtained, and the name and address of the individual to whom said statement was made.

8.   Please state what your driver was doing and intending to do in the near future when the accident happened and who was at fault.

9.   Do you fault the Plaintiff for this accident?  If so, explain in detail what the Plaintiff did to support your contention that she was at fault, and produce all documents that support your contention that Plaintiff was at fault.

10.  State the name of the entity and location where your post-accident drug and alcohol screen was performed on Defendant GETER.

11.  If you have knowledge that you/anyone acting on your behalf or any other person/entity took photographs or videos (including dash cams) of any person or vehicle involved in the accident made the basis of this lawsuit, or of the accident scene, state the name and address of said person/entity and **PRODUCE:**   a copy of all photographs and videos to this response.

12.  State the name and principal address of each insurer of any type whatsoever, which insured this defendant against risks or losses on the dates of the occurrence made the basis of this lawsuit, along with the applicable limits of liability for each such policy.  **PRODUCE:**  A copy of all insurance policies and the Declaration Pages showing the limits of liability for the coverage period.  This should include any umbrella policies, excess coverage policies, or other insurance policies that would potentially cover a loss of this type.

13.  Was your driver in possession of a cell phone on the day of the accident? Provide the following:

(a)     Name of carrier for all of his phones at the time of the accident (i.e. Verizon, AT&T, etc.)
(b)     Name of subscriber on each account
(c)     Give each cell phone number at time of accident
(d)     What was the type and model of each phone

14.     Describe in great detail all activities performed by the driver in the 24-hour period immediately prior to the subject accident, including in your response the location of each activity, the duration of each activity, and the identity and contact information for all persons present or accompanying him during each activity.

15.     Did any equipment on the vehicle malfunction just prior to or at the time of the accident? If so, describe in great detail which parts or equipment you alleged malfunctioned, how they malfunctioned, whether it contributed to the accident, and whether you had ever experienced any problems with said equipment prior to the accident made the basis of this lawsuit.

16.     Has GETER's driver's license ever been suspended or revoked? If so, provide the date(s), reasoning, and court case identification numbers associated with such suspension or revocation.

17.     State the current whereabouts of the 2016 MACK truck vehicle involved in the accident made the subject of this suit, and has it been preserved in its post-accident condition.

18.     Did this Defendant send anyone to the accident scene? If so, state the name, address, and job title/relationship to this Defendant for each person who went to the accident scene at the request/on behalf of this Defendant.

19.     Have you been informed that your answers to these interrogatories are made under oath and can be used at the trial of this case?

20.     Do you understand that you have a duty to supplement your answers to these interrogatories under Rule 26(d) of the *Alabama Rules of Civil Procedure?*


## REQUEST FOR PRODUCTION

1.      **PRODUCE:** All cellphone records for all cellphones in the possession of the driver at the time of the accident for the 3 days before and after the date of the subject accident.

2.      **PRODUCE:** All documents prepared or sent to any entities in connection with the occurrence made the basis of this suit, including, but not limited to, any documents or

reports submitted to any government agency--whether local, state or federal.

3.   **PRODUCE:** All reports of police or governmental agency investigation arising from the accident made the basis of this suit and/or interactions with any other named Defendant in this action.

4.   **PRODUCE:** All documents concerning the driver's physical and mental condition prior to and subsequent to the incident.

5.   **PRODUCE:** Any and all documents regarding any inspections, maintenance, and/or repair of the vehicle you were driving at the time of the accident that were performed by any individual or entity prior to or subsequent to the accident made the basis of this action.

6.   **PRODUCE:** Any and all documents evidencing ownership of the vehicle involved in the incident made the basis of this action including, but not limited to, license receipts, registration records, tag receipts, and certificate of title.

7.   **PRODUCE:** Any and all written or recorded statements made by this Defendant or its employees of any individuals concerning the incident made the basis of this action.

8.   **PRODUCE:** Any and all written and/or recorded statements from persons believed to be witnesses to the accident/injury forming the basis of this lawsuit.

9.   **PRODUCE:** Any and all photographs/videos of any and all vehicles involved, persons involved, and/or accident scene in the incident made the basis of this action.

10.  **PRODUCE:** Any and all repair bills, repair estimates, or any other documents evidencing all repairs made to the vehicle driven by the Defendant or plaintiff as a result of the incident made the basis of this action.

11.  **PRODUCE:** A color copy of both the front and back of GETER's driver's license and/or CDL License.

12.  **PRODUCE:** A copy of any and all documents regarding each suspension, revocation, and/or reinstatement of GETER's driver's license.

13.  **PRODUCE:** Any and all documents, photographs, and/or other tangible things on which you relied when responding to the interrogatories propounded by the Plaintiff.

14.  **PRODUCE:** Any and all results/reports of any and all breathalyzers, toxicology tests, blood-alcohol tests, and/or other examinations regarding the testing for or discovery of any alcohol and/or drugs in this GETER's system within 48 hours following the accident made the basis of this action.

6

15.  **PRODUCE:** Any and all documents regarding any Defendant's compliance with the post-accident alcohol and controlled substance testing requirements found in Federal Motor Carrier Safety Regulation § 382.303.

16.  **PRODUCE:** Any and all copies of GETER's driving records, driver logs, gasoline tickets, mileage reports, and/or other report forms for a one-month period prior to and after the subject accident.

17.  **PRODUCE:** Copies of GETER:'s entire employment file and driver qualification file including, but not limited to any and all records of previous accidents and/or citations, application for employment, investigative background checks, criminal background checks, employment agreement/contracts, driver training/testing, eye tests, hearing tests, reprimands, criticisms, accident log history, and use of personal vehicle agreements.

18.  **PRODUCE:** A privilege log for any documents you have withheld on the basis of any privilege (attorney-client, work-product, etc.).

19.  **PRODUCE:** All contracts and/or agreements between this defendant and any other person including the driver for the use of or lease of the vehicle described in the complaint.

20.  **PRODUCE:** Any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other visual descriptions concerning the accident or scene.

21.  **PRODUCE:** Documents concerning the driver's physical and mental condition prior to and subsequent to the incident, including injuries sustained in other accidents.

22.  **PRODUCE:** All documents relating to time records, time cards, payroll timesheets, for GETER for the week prior to and after the day of the accident.

23.  **PRODUCE:** All information or data (interpreted and uninterpreted) from the 2016 MACK Truck's data records and/or ECM and/or Diagnostics DTC Report, for the date of the subject accident on the vehicle driven on behalf of the Defendant. This shall include, but not be limited to any BOSCH, CDR or other data downloads.)

24.  **PRODUCE:** The subject 2016 MACK Truck involved in the subject accident.

25.  **PRODUCE:** Any policy and procedure relating to the use of company vehicles for personal use.

26.  **PRODUCE:** Documents reflecting the subject truck, including all specifications for the subject truck as it relates to its weight, weight rating, call rating, etc.

27.     **PRODUCE:**  With respect to the truck, give its complete configuration (including at least the following information);

    (A)    Make and model of the truck;
    (B)    Empty weight of the truck;
    (C)    Weight and length of the truck at the time of the collision

28.     **PRODUCE:**  The statement given by Defendant GETER to this Defendant, following the subject accident.

29.     **PRODUCE:**  Any and all safety meeting attendance registers or sign-in sheets for all safety meetings available to be attended by the driver involved in the incident made the basis of the lawsuit. This shall include, but not be limited to all notes, correspondence, memos, or other documents regarding safety meetings relating to driving or handling of vehicles.

30.     **PRODUCE:**  Any and all credit card statements for GETER for the month including the date of the accident.

31.     **PRODUCE:**  All personnel, employee or driver handbooks, manuals, policies and procedures, or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

32.     **PRODUCE:**  Any and all safety or standard operating procedure manuals or any other such document (whether provided to drivers, dispatchers, safety directors, operation managers, truck managers, terminal managers, review committees, operational officers, clerical employees and/or auditors) that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

33.     **PRODUCE:**  Any and all orientation or new employee manuals, materials, texts, brochures, pamphlets, forms or any other such documents or videos that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

34.     **PRODUCE:**  Any and all training and/or educational manuals, materials, texts, brochures, pamphlets, forms or any other such documents or videos that pertain to or were used at any

time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

35. **PRODUCE:** Any and all hiring policies and procedures or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit. This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

36. **PRODUCE:** Any and all Accident Registers that include on them the incident made the basis of Plaintiffs' Complaint, as well as any other Accident Registers that include accidents involving the operator of your tractor/trailer involved in the accident made the basis of the lawsuit, as required by Federal Motor Carrier Safety Regulation § 390.15.

37. **PRODUCE:** Any and all driver's vehicle inspection reports required by Federal Motor Carrier Safety Regulation § 396.11 that were completed for the subject trip.

38. **PRODUCE:** The Accident Claim File for the incident made the basis of Plaintiffs' Complaint, as well as any other Accident Claim Files that include accidents involving the operator of your tractor/trailer involved in the accident made the basis of the lawsuit.

39. **PRODUCE:** Any and all accident review policies and procedures for determining whether any accident is chargeable or non-chargeable, preventable or non-preventable.

40. **PRODUCE:** Any and all documents reviewed or provided to the accident review committee for the accident in question, as well as any such documents pertaining to any accident involving the driver during the incident made the basis of the lawsuit at all times during his employment with you.

41. **PRODUCE:** Any and all documents regarding a preventability decision for the accident in question, as well as any preventability decision resulting in any accident involving the driver during the incident made the basis of the lawsuit at all times during his employment with you.

42. **PRODUCE:** Any and all documents pertaining to the refusal of any insurance company to issue coverage, or for the termination of coverage by any insurance company for the driver, tractor owner and trailer owner.

43. **PRODUCE:** The entire and complete Driver Qualification File referable to GETER including but not limited to any and all records of previous accidents and/or citations.
    (a)    Application for employment

9

(b)  All medical examinations and certification of medical examination cards

(c)  Driver violations statements for each twelve month period of employment

(d)  Driver's road test

(e)  Driver's written test

(f)  Road and written test certification issued by Defendant or other organization

(g)  All past employment inquiries sent to former employers and their responses

(h)  Inquiries and answers on drivers license records of violations and accident directed to and received from any state agencies; and

(i)  Copies of all road or written test cards, medical cards, motor carrier certification of driver qualifications, and any other cards given to driver by Defendant or any other motor carrier.

44.  **PRODUCE:** All drivers' training and driver's testing of GETER.

45.  **PRODUCE:** The entire DOT file referable to GETER.

46.  **PRODUCE:** The entire DOT file referable to DARLING INGREDIENTS and/ DAR PRO SOLUTIONS.

47.  **PRODUCE:** All documents relating to any alleged injury to GETER including any Employer's First Report of Injury.

48.  **PRODUCE:** All documents relating to any and all rules that apply to the driving of the truck or transporting of goods on truck owned, operated and/or leased by said Defendant.

49.  **PRODUCE:** Your company's certificate of authority permitting it to operate as a commercial carrier.

50.  **PRODUCE:** Any and all driver personnel files for the driver involved in the incident made the basis of the lawsuit. This request includes, but is not limited to:

(a)  hiring, retention, admonishment, termination, or warning notices and other disciplinary type documents;

(b)  prior industrial, vehicular, cargo, or other types of accidents or losses, including any reports of cargo, loss of shortage of work, and related documents to each incidents;

(c)  customer, employee or any other individual complaints regarding the driver;

(d)  any documents of a legal nature, exclusive of driving citations, such as court notices, garnishments, arrest records, probation records, bankruptcy records or any other legal document;

(e)  all other documents, regardless of origin or subject, maintained by the Defendant in reference to the driver.

51.  **PRODUCE:** Any and all operational documents generated or used for the trip made the

10

DOCUMENT 3

basis of this lawsuit. This request includes, but is not limited to, the following:

(a)     driver's log book(s);

(b)     travel records, documents and reports, including driver's trip envelopes and/or trip reports, daily loads or work reports, fuel purchase reports, border crossing reports, customs declarations, driver reports, vehicle inspection reports, gate receipts, International Registration Program documents, International Fuel Tax Agreement documents, over/short & damage reports, overweight/oversize reports and citations, out-of-service reports and orders, state entry and departure records, ports of entry receipts, weight/scale reports, or any other reports made by the driver;

(c)     trip expense documents, records, reports and receipts for expenses, regardless of type, including cash advance receipts, fuel, credit card and debit card receipts and statements, expense vouchers, fuel billing statements, fuel receipts, equipment purchase receipts, lodging receipts, expense sheets, toll receipts, weight/scale receipt, food purchase receipts, all expense sheets and any other trip expense receipts;

(d)     all pick-up and delivery records used to request the transport of commerce whether prepared by a Defendant, broker, shipper or receiver, motor carrier, driver, or other person or organization;

(e)     all bills of lading and delivery manifests prepared or issued by any shipper, broker, transporting motor carrier, receiver of cargo, or Defendant. This also includes copies of bills of lading and manifests that show signed receipts for cargo along with dates and times of cargo pickup and delivery;

(f)     all equipment or cargo loading, unloading or detention records, along with any other document showing pickup and delivery date and time, or detention of equipment or cargo;

(g)     all written or electronic instructions communicated to the driver in reference to cargo transported, route to travel and pickup or delivery time, whether by any Defendant, broker, shipper or receiver, or other person or organization;

(h)     all written or electronic dispatch records indicating assignments of tractors, trailers, equipment and drivers for cargo pickup and delivery, including the location of pick up and delivery, and the date and time of pickup and delivery of pickup;

(i)     any driver's call in records or other written or electronic records indicating communications between company and driver in reference to the movement of cargo, or the day-to-day operation of the equipment and/or driver;

(j)     all accounting records, cargo transportation bills, and subsequent payment or other records indicating buffing for transportation of cargo and subsequent payment for the transportation of cargo;

(k)     all initial or rough driver's trip check settlement sheets along with all documents, reports or summaries showing payment to the driver;

(l)     any and all motor carrier or driver created fuels, mileage, and purchase reports or records;

11

    (m)    copies of the original Com check, cash control, or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers;

    (n)    any and all documents, records or reports showing the location and time of fuel purchases and mileage for the date indicated, whether listed by driver name or number or truck number;

    (o)    any and all documents pertaining to rental or lease agreements for the tractor, the trailer or any equipment use on the tractor and/or trailer.

    (p)    any and all special or oversized permits and related documents/requests issued to, or by, any state agency to transport cargo over theft territory regardless of the form of the cargo; and

    (q)    all other "trip related documents" created by the Defendant or any other person or organization, but not defined herein, in the possession of any of the Defendants.

52.    **PRODUCE:**  Any and all documents pertaining or related in any way to the procedures and methods used to audit, analyze and determine whether a driver's logs comply with hours of service requirements, including, but not limited to, any computer software and all reports generated thereby.

53.    **PRODUCE:**  Any and all documents pertaining or related in any way to audits conducted of the log book of the driver involved in the incident made the basis of the lawsuit during his employment.

54.    **PRODUCE:**  Any and all dispatch and communication records between dispatch and the driver involved in the incident made the basis of the lawsuit for a period of one year prior to this request. This request includes, but is not limited to, dispatch orders, fax transmissions, telephone records, mobile radio records, satellite tracking or position history, computer/e-mail communications, or any other communication records.

54.    **PRODUCE:**  Any and all documents generated or used by the driver as a result of the wreck made the basis of the lawsuit. This request includes, but is not limited to, accident packages, pictures, witness statement forms, driver statement forms, waiver of liability forms, accident and incident forms, or all other documents created by the driver involved in the incident made the basis of the lawsuit.

55.    **PRODUCE:**  Any and all documents that pertain to out-of service orders for the driver involved in the incident made the basis of the lawsuit.

56.    **PRODUCE:**  Any and all documents that pertain to out-of-service orders for the tractor or the trailer involved in the incident made the basis of the lawsuit.

57.     **PRODUCE:** Any and all documents that pertain to any and all safety ratings assigned by any local, state or federal agency to the commercial carrier since the carrier has been operating.

58.     **PRODUCE:** The document retention/destruction program or policy of the Defendant motor carrier.

59.     **PRODUCE:** Any and all wrecker or tow truck records.

60.     **PRODUCE:** A copy of the registration and title to the truck.

61.     **PRODUCE:** Any and all documents pertaining to or in any way related to the procedures and methods of compensation for drivers, including bonus components and computation.

62.     **PRODUCE:** Any and all Accident Claim Files for a period one (1) year prior to the incident made the basis of the lawsuit.

## PLAINTIFFS' CELL PHONE PRESERVATION REQUEST AND REQUEST FOR INSPECTION TO DEFENDANT DARLING INGREDIENTS and/or DAR PRO SOLUTIONS and/or RODNEY KEITH GETER

63.     Please take immediate measures to preserve any and all cellular phones owned by, or in the possession of, the Defendants at the time of the incident made the basis of this lawsuit.

64.     Please do not factory reset or otherwise "wipe" Defendant's cellular phone(s), as all data stored therein is critical evidence in this litigation.

65.     Please make the Defendant's personal cellular phone(s) available for inspection within the next thirty (30) days. Plaintiff intends to utilize an independent expert to download and harvest cellular voice and SMS/test messaging data pertaining to the date of the subject incident, only.

/s/ KEITH T. BELT, JR.
**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**

13

DOCUMENT 3

**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:   (205) 933-1500
Fax:       (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
              ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT
**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:   (256) 547-4988
E-Mail:      thealabamalawyer@gmail.com

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Plaintiff hereby requests that the clerk serve the Defendant by certified mail, return receipt requested.

/s/ KEITH T. BELT, JR.
OF COUNSEL

## PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL:

**DARLING INGREDIENTS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**DAR PRO SOLUTIONS**
4413 Tanners Church Road
Ellenwood, GA 30294

14

DOCUMENT 3

**RODNEY KEITH GETER**
4788 Main Street
Union City, GA 30291

**ALFA MUTUAL INSURANCE COMPANY**
c/o Herman Alan Scott
2108 East South Blvd.
Montgomery, AL 36116

DOCUMENT 4



ELECTRONICALLY FILED
3/18/2022 3:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, ) | |
| **DAWSON TURNER,** Individually, ) | |
| By and through his Mother and Next ) | |
| Friend, **KAYLIE TURNER,** ) | |
| **DANNY TURNER,** Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| **DARLING INGREDIENTS, INC.,** ) | |
| A Corporation, and/or d/b/a ) | |
| **DAR PRO SOLUTIONS,** A Corporation, ) | |
| **RODNEY KEITH GETER,** Individually, ) | |
| **ALFA MUTUAL INSURANCE** ) | |
| **COMPANY,** Et. Al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT RODNEY KEITH GETER

COMES NOW the Plaintiff in the above-styled cause, and requests that this Defendant answer the following interrogatories and request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories or in the Defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE B: If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such document comprising said file) by title, along with a short description of its subject matter.

### DEFINITIONS:

1

1.  "You" or "Your". The person or entity to whom these requests are addressed; its officers, directors, agents and employees; or any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate; or any person acting on your behalf; or any person within a "controlled group of corporations" of which you are a member.

2.  "Person". Any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

3.  "Communicate" or "communication". Every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

4.  "Document". Any original written, typewritten, handwritten, printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, drafts of documents, business records, diaries, calendars, address and telephone records, photographs, tape recordings, videos, financial statements and records, and any information stored on any computer, computer tape, and/or disc, to include any electronic mail or "e-mail".

    Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have you have the right to secure the document or a copy thereof from another person or private entity having actual possession thereof.

    If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

    If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

5.  "Identify":

    (A) As to a person (as defined): name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business;

    (B) As to a document: the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control

thereof, and a brief, description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure:

(C)    As to a communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed;

(D)    As to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

6.    "Or" shall be construed either conjunctively or disjunctively to bring within the scope of this request for production of documents any information which might otherwise be construed to be outside their scope.

7.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INTERROGATORIES

1.    State the correct name, residential address, date of birth, social security number, and driver's license number of this Defendant and, if this Defendant is not properly designated in the Complaint filed in this cause, state the correct way this Defendant should be designated as a party defendant in an action at law.

2.    Describe in detail your relationship with any other named Defendant in this action.

3.    For each instance of employment in the last ten (15) years, please provide the following:

    (a)    Name of employer
    (b)    Dates of employment
    (c)    Job title and description of duties
    (d)    Reason for cessation of employment

4.    State the purpose of your trip when the incident made the basis of this action occurred. Your response should include your departure point and intended destination and on whose business or behalf you were acting at such time.

5.    State the name and current residential address of all persons who accompanied you in the

vehicle at the time of the incident made the basis of this action.

6.      List each and every lawsuit and/or insurance claim filed against this Defendant arising out of a collision.

7.      State the full name and address of each and every person known to have any knowledge about the subject accident.

8.      Has this Defendant or anyone acting on this Defendant's behalf, obtained a statement (regardless of form, i.e., writing, audio recording) from any party to this lawsuit or from persons believed to have knowledge about the accident/injury forming the basis of this lawsuit? If answered in the affirmative, state the name, residential address, and phone number from whom each statement was obtained, the form of the statement (handwritten, transcribed, audio recording, etc), the date when such statement was obtained, and the name and address to whom said statement was made.

9.      Describe the accident scene in great detail prior to and immediately after the collision made the basis of Plaintiff's action. Your response should include, but not be limited to:

       (a)    The lane of travel in which your vehicle was traveling prior to impact and whether your vehicle changed lanes prior to or after the subject collision

       (b)    The location of vehicle Plaintiff was operating immediately prior to or after the subject collision

       (c)    The respective lanes of travel or location of any other vehicle that was stopped, parked, or disabled upon the roadway, shoulder, or median prior to the subject collision

       (d)    The specific location of the vehicle operated by the Plaintiff immediately before and at the time of impact.

10.     Please state in your own words how the accident happened and who was at fault. This should include the location of all parties/vehicles and an estimate of the speed of your vehicle immediately before impact.

11.     Do you fault the Plaintiff for this accident? If so, explain in detail what the Plaintiff did to support your contention that he was at fault, and produce all documents that support your contention that Plaintiff was at fault.

12.     State everything Plaintiff and/or Plaintiff said to any person at the accident scene. In addition to providing the substance of each and every statement, your response should include the name of the person to whom the statement was made and that person's address, phone number, and official title/relationship (i.e., investigating officer) to the underlying accident.

4

13. State everything you said to any person at the accident scene. In addition to providing the substance of each and every statement, your response should include the name of the person to whom the statement was made and that person's address, phone number, and official title/relationship (i.e., investigating officer) to the underlying accident.

14. State the name and address of all medical practitioners, hospitals, pharmacies, treatment centers, and all other medical facilities which provided you with medical treatment as a result of the incident made the basis of this lawsuit. Your response should also provide a description of your injuries and the treatment administered by each person/facility.

15. State the name of the entity and location where any post-accident drug and/or alcohol screen was performed. What were the results?

16. State the date, location, and description of each and every traffic citation you have received including, but not limited to, violations for speeding, careless and reckless driving, and operating under the influence of alcohol or drugs.

17. State the date, location, and description of each and every traffic accident in which you have been involved in the last ten years.

18. If you have given a written or recorded statement to any individual or entity concerning the incident made the basis of this suit, state the name and address to whom said statement was given and the date said statement was given.

19. If you have knowledge that you/anyone acting on your behalf or any other person/entity took photographs or videos (including dash cams) of any person or vehicle involved in the accident made the basis of this lawsuit, or of the accident scene, state the name and address of said person/entity and attach a copy of all photographs to this response.

20. State the name and principal address of each insurer of any type whatsoever, which insured this defendant against risks or losses on the dates of the occurrence made the basis of this lawsuit, along with the applicable limits of liability for each such policy. **PRODUCE:** A copy of all insurance policies and the Declaration Pages showing the limits of liability for the coverage period. This should include any umbrella policies, excess coverage policies, or other insurance policies that would potentially cover a loss of this type.

21. Were you using or viewing a cell phone or hands free device at any time immediately before or right at the time of the accident? Whether your answer is no or yes, provide the following:
    (a)    Name of carrier for your phone at the time of the accident (i.e. Verizon, AT&T, etc.)
    (b)    Name of subscriber on the account
    (c)    Your cell phone number at time of accident

22.	Describe in great detail all activities performed by you in the 24-hour period immediately prior to the subject accident, including in your response the location of each activity, the duration of each activity, and the identity and contact information for all persons present or accompanying you during each activity.

23.	Do you contend that any equipment of the vehicle (including the brakes and/or tires) you were operating malfunctioned or was inoperable at the time of the accident or contributed to the accident? If so, describe in great detail which parts or equipment you alleged malfunctioned, how they malfunctioned, and whether you had ever experienced any problems with said equipment prior to the accident made the basis of this lawsuit.

24.	Has this Defendant's driver's license or CDL ever been suspended or revoked? If so, provide the date(s), reasoning, and court case identification numbers associated with such suspension or revocation.

25.	Describe in great detail all communications between this Defendant and Defendant DARLING INGREDIENTS and/or DAR PRO SOLUTIONS on the date of the accident, including in your response the time of all communications, the persons to whom this Defendant spoke, and the manner or mechanism of each communication.

26.	State the current whereabouts of the 2016 Mack truck vehicle involved in the accident made the subject of this suit, and has it been preserved in its post-accident condition.

27.	Please describe fully and in complete detail any and all injuries, illnesses or disabilities suffered by you at any time prior to and including, May 19, 2021. In your answer, identify all physicians, practitioners of the healing arts, psychiatrists, counselors, therapists, hospitals, and clinics involved in any manner in the treatment or care for such injuries, illnesses or disabilities.

28.	Do you wear eyeglasses or contact lenses? If so, please state the name and address of each optician, ophthalmologist, or optometrist that has ever treated you as well as the dates of your visits.

29.	List the names and address of any pharmacies you have used in the last ten (10) years to obtain medications.

30.	Please list all medications or drugs you were taking on the date of the accident. Please include in your response the dosage taken, the time you took the medication, the physician who prescribed said medication, and illness for which the medication was taken.

31.	Have you been informed that your answers to these interrogatories are made under oath and can be used at the trial of this case?

32.	Do you understand that you have a duty to supplement your answers to these interrogatories

under Rule 26(d) of the *Alabama Rules of Civil Procedure?*

## REQUEST FOR PRODUCTION

1.    **PRODUCE:** All cellphone records for any cellphone utilized by Defendant for the month encompassing the date of the subject accident.

2.    **PRODUCE:** All documents relating to any and all reports filed or sent to other entities in connection with the occurrence made the basis of this suit, including, but not limited to, any other documents or reports submitted to any government agency--whether local, state or federal.

3.    **PRODUCE:** All documents relating to reports of police investigation or arrest arising from the accident made the basis of this suit and/or interactions with any other named Defendant in this action.

4.    **PRODUCE:** All documents concerning your physical and mental condition prior to and subsequent to the incident.

5.    **PRODUCE:** Any and all documents regarding any inspections, maintenance, and/or repair of the vehicle you were driving at the time of the accident that were performed by any individual or entity prior to or subsequent to the accident made the basis of this action.

6.    **PRODUCE:** Any and all documents evidencing ownership of the vehicle involved in the incident made the basis of this action including, but not limited to, license receipts, registration records, tag receipts, and certificate of title.

7.    **PRODUCE:** Any and all written or recorded statements made by this Defendant or Plaintiff to any individuals concerning the incident made the basis of this action.

8.    **PRODUCE:** Any and all written and/or recorded statements from persons believed to be witnesses to the accident/injury forming the basis of this lawsuit.

9.    **PRODUCE:** Any and all photographs/videos of any and all vehicles involved, persons involved, and/or accident scene in the incident made the basis of this action.

10.   **PRODUCE:** Any and all repair bills, repair estimates, or any other documents evidencing all repairs made to the vehicle driven by this Defendant as a result of the incident made the basis of this action.

11.   **PRODUCE:** A color copy of both the front and back of your driver's license.

7

12.    **PRODUCE:** A copy of any and all documents regarding each suspension, revocation, and/or reinstatement of your driver's license.

13.    **PRODUCE:** Any and all documents, photographs, and/or other tangible things on which you relied when responding to the interrogatories propounded by the Plaintiff.

14.    **PRODUCE:** Any and all results/reports of any and all breathalyzers, toxicology tests, blood-alcohol tests, and/or other examinations regarding the testing for or discovery of any alcohol and/or drugs in this Defendant's system within 48 hours following the accident made the basis of this action.

15.    **PRODUCE:** Any and all copies of any driving records, driver logs, gasoline tickets, and/or accident report forms for a one-month period prior to the subject accident.

16.    **PRODUCE:** Copies of your application for employment; driver's road test results and written examination results; and certificate of physical qualifications by medical examiner.

17.    **PRODUCE:** Copies of any documents in your possession, custody, or control related to safe driving, safety regulations, driving procedures, vehicle guidelines, driver's manuals, license study guides, or employer driving guidelines.

18.    **PRODUCE:** Copies of any documents in your possession, custody, or control that reflects payments made to you or by you related to your employment for a one-month period up to and including the date of the subject collision.

19.    **PRODUCE:** Any video dash camera or cellphone footage of the subject accident and accident scene.

20.    **PRODUCE:** A privilege log for any documents you have withheld on the basis of any privilege (attorney-client, work-product, etc.).

21.    **PRODUCE:** All contracts and/or agreements between this defendant and any other defendant for the use of or lease of the vehicle described in the complaint.

22.    **PRODUCE:** Any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other visual descriptions concerning the accident.

23.    **PRODUCE:** All medical records that relate to your mind or body in any manner, including all records arising out of the subject accident.

24.    **PRODUCE:** All documents relating to all workers compensation claims, insurance claims, and disability claims that you have made.

25.     **PRODUCE:**  All information or data (interpreted and uninterpreted) from the 2016 Mack Truck's data records and/or ECM for the date of the subject accident on the vehicle driven on behalf of the Defendant.  This shall include, but not be limited to any BOSCH, CDR or other data downloads.)

26.     **PRODUCE:**  Any and all documents that evidence anything and everything you did for your employer or job  the week prior to and after May 19, 2021.

27.     **PRODUCE:**  All credit card statements for you that would include May 19, 2021.

28.     **PRODUCE:**   Your actual cellphone for forensic examination

## PLAINTIFFS' CELL PHONE PRESERVATION REQUEST AND REQUEST FOR INSPECTION TO RODNEY KEITH GETER

29.     Please take immediate measures to preserve any and all cellular phones owned by, or in the possession of, the Defendants at the time of the incident made the basis of this lawsuit.

30.     Please do not factory reset or otherwise "wipe" Defendant's cellular phone(s), as all data stored therein is critical evidence in this litigation.

31.     Please make the Defendant's personal cellular phone(s) available for inspection within the next thirty (30) days. Plaintiff intends to utilize an independent expert to download and harvest cellular voice and SMS/test messaging data pertaining to the date of the subject incident, only.

/s/ KEITH T. BELT, JR.
**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

OF COUNSEL:

**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:    (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
        ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT
**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:   (256) 547-4988
E-Mail:     thealabamalawyer@gmail.com

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Plaintiff hereby requests that the clerk serve the Defendant by certified mail, return receipt requested.

/s/ KEITH T. BELT, JR.
OF COUNSEL

## PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL:

**DARLING INGREDIENTS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**DAR PRO SOLUTIONS**
4413 Tanners Church Road
Ellenwood, GA 30294

**RODNEY KEITH GETER**
4788 Main Street
Union City, GA 30291

**ALFA MUTUAL INSURANCE COMPANY**
c/o Herman Alan Scott
2108 East South Blvd.
Montgomery, AL 36116

10

DOCUMENT 5



ELECTRONICALLY FILED
3/18/2022 3:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

|  |  |
|---|---|
| **KAYLIE TURNER,** Individually, | ) |
| **DAWSON TURNER,** Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, **KAYLIE TURNER,** | ) |
| **DANNY TURNER,** Individually, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
|  | )  CIVIL ACTION NO.: |
| v. | ) |
|  | ) |
| **DARLING INGREDIENTS, INC.,** | ) |
| A Corporation, and/or d/b/a | ) |
| **DAR PRO SOLUTIONS,** A Corporation, | ) |
| **RODNEY KEITH GETER,** Individually, | ) |
| **ALFA MUTUAL INSURANCE** | ) |
| **COMPANY,** Et. Al., | ) |
|  | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT ALFA MUTUAL INSURANCE COMPANY

Come now the Plaintiffs in the above-styled cause, and requests that this Defendant, ALFA MUTUAL INSURANCE COMPANY, answer the following interrogatories and request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories or in the Defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE B: If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such document comprising said file) by title, along with a short description of its subject matter.

## DEFINITIONS:

1.  "You" or "Your". The person or entity to whom these requests are addressed; its officers, directors, agents and employees; or any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate; or any person acting on your behalf; or any person within a "controlled group of corporations" of which you are a member.

2.  "Person". Any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

3.  "Communicate" or "communication". Every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

4.  "Document". Any original written, typewritten, handwritten, printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, drafts of documents, business records, diaries, calendars, address and telephone records, photographs, tape recordings, videos, financial statements and records, and any information stored on any computer, computer tape, and/or disc, to include any electronic mail or "e-mail".

Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have you have the right to secure the document or a copy thereof from another person or private entity having actual possession thereof.

If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

5.  "Identify":

    (A)  As to a person (as defined): name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business;

    (B)  As to a document: the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control

thereof, and a brief, description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34, Alabama Rules of Civil Procedure:

(C)    As to a communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed;

(D)    As to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

6.    "Or" shall be construed either conjunctively or disjunctively to bring within the scope of this request for production of documents any information which might otherwise be construed to be outside their scope.

7.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INTERROGATORIES

1.    State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories.

2.    Is this defendant's name correctly stated in the complaint on file in this cause? If not, state the correct way that this defendant should be designated as a party defendant in an action of law.

3.    Do you claim that Plaintiff failed to meet any conditions precedent or carry out any obligation for recovery of either uninsured motorists/underinsured motorists coverage or medical benefits payments pursuant to the policy described in the Complaint? If so, state the specific terms, exclusions, conditions precedent, or other language of said policy on which you claim supports such a contention.

4.    State the name and address of each person known by this defendant to have any knowledge whatsoever of matters pertinent to the occurrence made the basis of plaintiff's complaint.

5.    State whether or not any representative of you company has obtained a statement from any person or persons, including the plaintiff, in connection with this matter. If the answer is

yes, state the name and address of each individual from whom such a statement was taken; the date said statements were taken and produce a copy of said statement. **REQUEST FOR PRODUCTION #1:** Copies of all statements referenced herein.

6.    Please state the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and with respect to each said expert(s), state or produce:

    (a)    The educational background and experience of the witness, and the facts constituting the basis of the qualifications of the witness;

    (b)    The subject matter(s) about the witness is expected to testify;

    (c)    The substance of the facts and opinions to which the witness is expected to testify;

    (d)    A summary of the grounds or basis of each opinion to which the witness is expected to testify;

    (e)    **PRODUCE** a current CV;

    (f)    **PRODUCE** copies of all data, literature or other information considered by the expert in coming to his/her opinions in this matter;

    (g)    **PRODUCE** a listing (case caption, Court, and counsel involved) of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

    (h)    **PRODUCE**: Any and all documentation, correspondence, or other materials which has been reviewed, inspected, or examined by the expert during his investigation of this case.

7.    State the name and address of every witness this Defendant intends to call at the trial of this action.

8.    Does this Defendant contend that Plaintiff was contributorily negligent and such alleged contributory negligence caused or contributed to the subject crash? If so, state every fact that you claim supports such contention. **REQUEST FOR PRODUCTION #2:** Produce all documents or other items in which you claim supports any contention noted in the preceding interrogatory.

DOCUMENT 5

## ADDITIONAL REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION #3:**   The entire insurance policy, including declarations pages, as described in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION #4:**   Any and all documents sent to or received from Plaintiff at any time with regard to this accident and/or claim. Your response should specifically include any documents sent to or received from Plaintiff prior to the filing of this lawsuit.

**REQUEST FOR PRODUCTION #5:**   Any and all photographs of the accident scene, any vehicle involved in the subject crash, or any person involved in the subject crash.

/s/ KEITH T. BELT, JR.

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**

**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:     (205) 933-5500
E-Mail: keithb@beltlawfirm.com
              ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT

**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:    thealabamalawyer@gmail.com

DOCUMENT 5

## PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL:

**DARLING INGREDIENTS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**DAR PRO SOLUTIONS**
4413 Tanners Church Road
Ellenwood, GA 30294

**RODNEY KEITH GETER**
4788 Main Street
Union City, GA 30291

**ALFA MUTUAL INSURANCE COMPANY**
c/o Herman Alan Scott
2108 East South Blvd.
Montgomery, AL 36116

6



**AlaFile E-Notice**

18-CV-2022-900017.00

To:  DARLING INGREDIENTS INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following complaint was FILED on 3/18/2022 3:57:18 PM

Notice Date:     3/18/2022 3:57:18 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>18-CV-2022-900017.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA
## KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL

**NOTICE TO:** DARLING INGREDIENTS INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KEITH T BELT JR JR

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 880 Montclair Road, Suite 300, BIRMINGHAM, AL 35213

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAYLIE TURNER
pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 03/18/2022 | /s/ WARREN SARRELL III | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ KEITH T BELT JR JR

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

*(Name of Person Served)*  *(Name of County)*

Alabama on _____

*(Date)*

*(Address of Server)*

*(Type of Process Server)*  *(Server's Signature)*

*(Server's Printed Name)*  *(Phone Number of Server)*

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAR Pro Solutions
c/o Palt + Bruner PC
4413 Tanners Church Rd
Ellenwood GA 30294

9590 9402 6507 0346 2653 21

2. Article Number *(Transfer from service label)*

7021 0950 0001 4398 5552

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Curtis

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

Covid

C. Date of Delivery

3/22/22

D. Is delivery address different from item 1? ☐ Yes

If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

DOCUMENT 8

DOCUMENT 8



USPS TRACKING #

ATLANTA METRO 301

9590 9402 6507 0346 2653 21

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**WARREN G. SARRELL III**
CLEBURNE COUNTY CIRCUIT CLERK
120 VICKERY ST. ROOM 202
HEFLIN, AL 36264

CV2022-900017

## COMPLETE THIS SECTION ON DELIVERY

**A. Signature**

X ☐ Agent
☐ Addressee

**B. Received by (Printed Name)**
Quentin Swurley

**C. Date of Delivery**
1/23/22

**D.** Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Alfa Mutual Ins. Co.
C/o Herman Blain Scott
2108 East South Blvd
Montgomery, AL 36116

9590 9402 6507 0346 2653 52

**2. Article Number (Transfer from service label)**

7021 0950 0001 4398 5521

PS Form 3811, July 2020 PSN 7530-02-000-9053    **Domestic Return Receipt**

25951111-2

United States
Postal Service

USPS TRACKING #

MONTGOMERY AL 360

23 MAR 2021 PM 4 L

9590 9402 6507 0346 2653 52



* Sender: Please print your name, address, and ZIP+4® in this box*

WARREN G. SARRELL III
CLEBURNE COUNTY CIRCUIT CLERK
120 VICKERY ST. ROOM 202
HEFLIN, AL 36264

CV-2022-900017

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rodney Keith Beeler
4188 Main St
Union City 6A
30291

9590 9402 6507 0346 2653 38

2. Article Number (Transfer from service label)

7021 0950 0001 4398 5545

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Christ 19_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

ATLANTA METRO 301
RS MAIL BULK 2022 12 L

9590 9402 6507 0346 2653 38

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**WARREN G. SARRELL III**
CLEBURNE COUNTY CIRCUIT CLERK
120 VICKERY ST. ROOM 202
HEFLIN, AL 36264

CV2022-900017

ELECTRONICALLY FILED
5/29/2022 3:01 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SPECIAL APPEARANCE

MICHELLE GUTHRIE WHITELAW hereby gives her notice of appearance as the

attorney and counselor of record for Defendants DARLING INGREDIENTS, INC. d/b/a DAR

PRO SOLUTIONS and RODNEY KEITH GETER and states that this Notice is not a general

appearance for these Defendants, as all issues related to service of process, jurisdictional,

procedural and/or substantive rights, defenses or contentions, including statutory limitations of

actions, are specifically reserved.

The undersigned hereby requests that all notices given or required to be given, and all

pleadings (other than the initial service of Summons and/or Complaint) served or required to be

served, in this case be given to and served upon the undersigned at the address indicated below.

This 29th day of March, 2022.

Respectfully submitted,

By: /s/Michelle Guthrie Whitelaw
MICHELLE GUTHRIE WHITELAW (WHI143)
***Attorneys for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

Alabama Judicial System's E-Filing Website system which will send notification of such filing

to the following on the 29th day of March, 2022:

| | |
|---|---|
| Keith T. Belt, Jr., Esq. | James M. Shelnutt, Esq. |
| W. Ryan Myers, Esq. | SHELNUTT & VARNER, PC |
| BELT & BRUNER, PC | 113 Rainbow Industrial Blvd. |
| 880 Montclair Road, Suite 300 | Rainbow City, Alabama 35906 |
| Birmingham, Alabama 35213 | thealabamalawyer@gmail.com |
| keithb@beltlawfirm.com | |
| ryanm@beltlawfirm.com | |

By: /s/*Michelle Guthrie Whitelaw*_____
MICHELLE GUTHRIE WHITELAW (WHI143)
***Attorneys for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

3

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 6507 0346 2653 45

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

**WARREN G. SARRELL III**
CLEBURNE COUNTY CIRCUIT CLERK
120 VICKERY ST. ROOM 202
HEFLIN, AL 36264

CV2022-900017

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Darling Ingredient Inc
An Jackson St
Ste 605
Montgomery AL 36104

9590 9402 6507 0346 2653 45

2. Article Number (Transfer from service label)

7021 0950 0001 4398 5538

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

                                 MAR 2 3 2022

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt



AlaFile E-Notice

18-CV-2022-900017.00

To:   WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following answer was FILED on 4/6/2022 3:19:11 PM

Notice Date:      4/6/2022 3:19:11 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
4/6/2022 3:19 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KAYLIE TURNER; DAWSON TURNER;** | * | |
| **KAYLIE TURNER, as Mother and Next** | * | |
| **Friend of DANNY TURNER,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CASE NO.: CV-2022-900017** |
| | * | |
| **DARLING INGREDIENTS, INC.,;** | * | |
| **DAR PRO SOLUTIONS; RODNEY** | * | |
| **KEITH GETER; ALFA MUTUAL** | * | |
| **INSURANCE COMPANY, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## ALFA MUTUAL INSURANCE COMPANY'S ANSWER TO COMPLAINT

Comes now Defendant, Alfa Mutual Insurance Company, by and through its undersigned counsel, and as Answer to the Plaintiffs' Complaint in the above-styled cause says as follows:

1.      This Defendant is without sufficient information as to the current place of residency of Plaintiff, Kaylie Turner,  and therefore demands strict proof of same.  This Defendant admits, upon information and belief, that Plaintiff, Kaylie Turner, is over the age of 19 years.

2.      This Defendant is without sufficient information as to the current place of residency of Plaintiff, Dawson Turner, and therefore demands strict proof same.

3.      This Defendant admits paragraph 3 of the Plaintiffs' Complaint upon information and belief.

4.      Paragraph 4 of the Plaintiffs' Complaint does not appear to require a response from this Defendant, but, to the extent said paragraph could in any way be interpreted as setting forth allegations of wrongdoing or liability against this Defendant, the same is denied and strict proof is demanded.

5.      Paragraph 5 of the Plaintiffs' Complaint does not appear to require a response from

this Defendant, but, to the extent said paragraph could in any way be interpreted as setting forth allegations of wrongdoing or liability against this Defendant, the same is denied and strict proof is demanded.

6.      Paragraph 6 of the Plaintiffs' Complaint does not appear to require a response from this Defendant, but, to the extent said paragraph could in any way be interpreted as setting forth allegations of wrongdoing or liability against this Defendant, the same is denied and strict proof is demanded.

7.      In response to paragraph 7 of the Plaintiffs' Complaint, this Defendant admits that it is an insurance company which conducts business in the state of Alabama, but to the extent said paragraph could in any way be interpreted as setting forth allegations that the Plaintiffs have proven entitlement to uninsured or underinsured motorist benefits arising out of the automobile accident made the basis of this lawsuit, the same is denied at this time and strict proof is demanded.

8.      In response to paragraph 8 of the Plaintiffs' Complaint, this Defendant does not contest jurisdiction and venue.

9.      Paragraph 9 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

10.      Paragraph 10 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

11.      In response to paragraph 11 of the Plaintiffs' Complaint, this Defendant admits, upon information and belief, that Plaintiff, Kaylie Turner, is an insured under a policy of insurance issued by this Defendant, but, to the extent said paragraph could in any way be interpreted as setting forth allegations that any of the Plaintiffs have proven entitlement to uninsured or underinsured motorist benefits arising out of the subject automobile accident, the same is denied and strict proof is demanded.

12.     Paragraph 12 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

13.     Paragraph 13 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

14.     In response to Count I, paragraph 14 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

15.     Count I, paragraph 15 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

16.     Count I, paragraph 16 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

17.     Count I, paragraph 17 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

18.     Count I, paragraph 18 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

19.     Count I, paragraph 19 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

20.     Count I, paragraph 20 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

21.     Count I, paragraph 21 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

22.     Count I, paragraph 22 of the Plaintiffs' Complaint is denied at this time and strict proof is demanded.

23.     This Defendant denies Count I, paragraph 23 of the Plaintiffs' Complaint, including all subparts therein, and demands strict proof thereof.

24.     This Defendant denies Count I, paragraph 24 of the Plaintiffs' Complaint, including all subparts therein, and demands strict proof thereof.

25.     In response to Count II, paragraph 25 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

26.     This Defendant denies Count II, paragraph 26 of the Plaintiffs' Complaint and demands strict proof thereof.

27.     This Defendant denies Count II, paragraph 27 of the Plaintiffs' Complaint and demands strict proof thereof.

28.     In response to Count III, paragraph 28 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

29.     This Defendant denies Count III, paragraph 29 of the Plaintiffs' Complaint and demands strict proof thereof.

30.     This Defendant denies Count III, paragraph 30 of the Plaintiffs' Complaint and demands strict proof thereof.

31.     In response to Count IV, paragraph 31 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

32.     This Defendant denies Count IV, paragraph 32 of the Plaintiffs' Complaint and demands strict proof thereof.

33.     This Defendant denies Count IV, paragraph 33 of the Plaintiffs' Complaint and demands strict proof thereof.

34.     In response to Count V, paragraph 34 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

35.     In response to Count V, paragraph 35 of the Plaintiffs' Complaint, this Defendant admits, upon information and belief, that it issued a policy of insurance which includes Plaintiff,

Kaylie Turner, as a named insured, but, to the extent said paragraph could in any way be interpreted as setting forth allegations that any of the Plaintiffs have proven entitlement to uninsured or underinsured motorist benefits, the same is denied and strict proof is demanded.

36.     This Defendant denies Count V, paragraph 36 of the Plaintiffs' Complaint and demands strict proof thereof.

37.     This Defendant denies Count V, paragraph 37 of the Plaintiffs' Complaint and demands strict proof thereof.

38.     This Defendant denies Count V, paragraph 38 of the Plaintiffs' Complaint and demands strict proof thereof.

39.     In response to Count V, paragraph 39 of the Plaintiffs' Complaint, this Defendant states that the Plaintiffs are not entitled to the recovery for which they seek, denies the Plaintiffs' have proven entitlement to uninsured or underinsured motorist benefits arising out of the subject accident, and demands strict proof thereof.

40.     In response to Count VI, paragraph 40 of the Plaintiffs' Complaint, this Defendant reasserts and realleges all defenses as previously set forth herein.

41.     In response to Count VI, paragraph 41 of the Plaintiff's Complaint, this Defendant is without sufficient information to admit or deny said averments and therefore demand strict proof of same.

42.     In response to Count VI, paragraph 42 of the Plaintiffs' Complaint, this Defendant is without sufficient information to admit or deny said averments and therefore demand strict proof of same.

43.     This Defendant denies Count VI, paragraph 43 of the Plaintiffs' Complaint, including all subparts therein, and demands strict proof thereof.

44.     In response to the "WHEREFORE" paragraphs contained throughout the Plaintiffs' Complaint, this Defendant denies the Plaintiffs are entitled to judgment against it, denies the Plaintiffs' claims of liability and damages asserted against this Defendant, and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

This Defendant has performed its duty as required under the alleged insurance policy in issue.

### THIRD DEFENSE

This Defendant contests the extent of the alleged injuries to the Plaintiffs and demands strict proof thereof.

### FOURTH DEFENSE

This Defendant pleads the general issue and denies the allegations, and otherwise says that it is not guilty of the matters with which it is charged in the Complaint, and demands strict proof thereof.

### FIFTH DEFENSE

This Defendant sets forth that the facts of this case are not sufficient to legally obligate this Defendant to the Plaintiffs to any extent or degree now or in the future on account of the alleged incident made the basis of the Complaint.

### SIXTH  DEFENSE

The Complaint fails to allege facts that constitute a cause of action under Alabama Law as to this Defendant, and, therefore, the Complaint is due to be dismissed.

## SEVENTH DEFENSE

The Defendant asserts that the Complaint is vague and indefinite and does not apprise this Defendant of what it is called upon to defend against.

## EIGHTH  DEFENSE

This Defendant denies that the Plaintiffs are legally entitled to recover damages from it.

## NINTH  DEFENSE

This Defendant asserts that the Co-Defendants, Darling Ingredients, Inc., Dar Pro Solutions and Rodney Keith Geter, and/or any other driver or owners of vehicles involved, directly or indirectly in the accident made the basis of this accident, under the facts of this case, are not an uninsured or underinsured motorist as those terms are defined by the Alfa Insurance Company Policy, or by the Code of Alabama.

## TENTH DEFENSE

The liability policy of insurance issued to the other named Co-Defendants and/or any other driver or owners of vehicles involved, directly or indirectly in the accident made the basis of this accident, or other primary or uninsured motorist insurance coverage available to the Plaintiffs, has or have limits high enough to compensate the Plaintiffs fully for all damages allegedly sustained as a result of the accident giving rise to this suit.

## ELEVENTH DEFENSE

This Defendant asserts that it is entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, and for coverage amounts available to the Plaintiffs through other policies of insurance.

## TWELFTH DEFENSE

This Defendant pleads that the Plaintiff, Kaylie Turner, was guilty of contributory negligence, which bars any recovery she may claim.

## THIRTEENTH DEFENSE

This Defendant pleads that the Plaintiff, Kaylie Turner, assumed the risk of her alleged injuries, which bars her recovery in this cause of action.

## FOURTEENTH DEFENSE

This Defendant pleads that the Plaintiff, Kaylie Turner, violated certain Alabama Rules of the Road, which bars her recovery in this cause of action.

## FIFTEENTH DEFENSE

This Defendant pleads that its attorney has not yet had an opportunity to complete a full investigation into all of the facts and legal issues involved in this case.  This Defendant therefore hereby preserves and pleads the following defenses in this case, subject to withdrawal by amendment or by pretrial order and after all legal and factual discovery has been concluded: improper venue, insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, *Alabama Rules of Civil Procedure*, lack of jurisdiction over the subject matter or person, accord and satisfaction, arbitration and award, matters claimed are required to be submitted to arbitration, assumption of risk, contributory negligence, discharge in bankruptcy, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, superceding and/or intervening efficient cause, lack of causal relation, lack of notice, failure to mitigate damages, claim of offset based on previous payments made to the Plaintiff pursuant to contract or otherwise, subsequent negligence, last clear chance, sudden emergency, subsequent contributory negligence, lack of duty owed, unqualified or qualified immunity, mechanical failure, open and obvious danger, failure to state a legal claim, lack of legal capacity to be sued.

## SIXTEENTH DEFENSE

This Defendant respectfully asserts an entitlement to amend this Answer and add additional,

applicable defenses once discovery is completed.

Respectfully submitted,

  /s/  **C. David Stubbs**

C. David Stubbs                (STU013)
Attorney for Defendant Alfa Mutual Insurance
Company

**OF COUNSEL:**
**STUBBS, SILLS & FRYE, P.C.**
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Fax: (256) 835-0011
Email: david@stubbssillsfrye.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of April, 2022, I electronically filed the foregoing with
the Clerk of the Court using the Alafile System, which will send notification of such filed to Keith
T. Belt, Jr., Esq., W. Ryan Myers, Esq., James M. Shelnutt, Esq. and Michelle G. Whitelaw, Esq.

/s/ C. David Stubbs

**Of Counsel**



AlaFile E-Notice

18-CV-2022-900017.00

To:  MICHELLE GUTHRIE WHITELAW
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following answer was FILED on 4/21/2022 2:57:57 PM

Notice Date:       4/21/2022 2:57:57 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
4/27/2022 2:58 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

|  |  |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | ) |
| DANNY TURNER, Individually | ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
|  | ) |
| Defendants. | ) |

Civil Action File
No. 18-CV-2022-900017.00

## ANSWER

COMES NOW, Darling Ingredients, Inc. d/b/a DAR Pro Solutions (hereinafter

"Defendant Darling"), and in Answer to Plaintiffs' Complaint, states as follows:

## RESPONSES TO INDIVIDUAL AVERMENTS

## PARTIES

1.

Defendant Darling is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 1 of Plaintiffs' Complaint. Therefore, said allegations are denied.

2.

Defendant Darling is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 2 of Plaintiffs' Complaint. Therefore, said allegations are denied.

3.

Defendant Darling is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 3 of Plaintiffs' Complaint. Therefore, said allegations are denied.

4.

Defendant Darling admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant Darling admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant Darling admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of Plaintiffs' Complaint.  Therefore, said allegations are denied.

## VENUE & JURISDICTION

8.

Defendant Darling denies the allegations in Paragraph 8 of Plaintiffs' Complaint.

## FACTS

9.

Defendant Darling denies that Defendant Geter made an improper lane change and abruptly slowed down in an attempt to make an illegal U-turn causing Plaintiff to strike the rear of the vehicle Defendant Geter was operating.  Defendant Darling is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9 of Plaintiffs' Complaint.  Therefore, said allegations are denied.

10.

Defendant Darling admits it owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint.  Defendant Darling admits Defendant Geter was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs'

2

Complaint. Defendant Darling admits that Defendant Geter was its employee on the date of the

accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without

knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in

the course and scope of his employment at the time of the accident which forms the basis of

Plaintiffs' Complaint, which is therefore denied. Darling denies the remaining allegations in

Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant Darling is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 11 of Plaintiffs' Complaint. Therefore, said allegations are denied.

12.

Defendant Darling denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant Darling denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

## COUNT I
### Negligence, Wantonness, and/or Reckless Conduct
### by Darling Ingredients, Inc. d/b/a Dar Pro Solutions

14.

Defendant Darling incorporates by reference its responses to the allegations in

Paragraphs 1 through 13 of Plaintiffs' Complaint as if fully stated herein.

15.

Defendant Darling admits it owned the 2016 Mack Truck involved in the accident which

forms the basis of Plaintiffs' Complaint. Defendant Darling admits Defendant Geter was the

driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs'

Complaint. Defendant Darling admits that Defendant Geter was its employee on the date of the

accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Darling denies the remaining allegations in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant Darling denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant Darling admits that Defendant Geter was its employee on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Darling denies the remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant Darling shows that the duties as alleged in Paragraph 18 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint. Therefore, said allegations are denied.

19.

Defendant Darling shows that the duties as alleged in Paragraph 19 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response

4

is required, Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint. Therefore, said allegations are denied.

20.

Defendant Darling shows that the duties as alleged in Paragraph 20 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of Plaintiffs' Complaint. Therefore, said allegations are denied.

21.

Defendant Darling shows that the duties as alleged in Paragraph 21 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of Plaintiffs' Complaint. Therefore, said allegations are denied.

22.

Defendant Darling shows that the duties as alleged in Paragraph 22 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of Plaintiffs' Complaint. Therefore, said allegations are denied.

23.

Defendant Darling denies the allegations in Paragraph 23 of Plaintiffs' Complaint, including subparts (a) through (g).

24.

Defendant Darling denies the allegations in Paragraph 24 of Plaintiffs' Complaint, including subparts (a) through (g).

## COUNT II
## Negligent Entrustment by Darling Ingredients, Inc. d/b/a Dar Pro Solutions

25.

Defendant Darling incorporates by reference its responses to the allegations in Paragraphs 1 through 24 of Plaintiffs' Complaint as if fully stated herein.

26.

Defendant Darling admits it owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits Defendant Geter was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits that Defendant Geter was its employee on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Darling denies any remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant Darling admits it owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits Defendant Geter was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits that Defendant Geter was its employee on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in the course and scope of his employment at the time of the accident which forms the basis of

Plaintiffs' Complaint, which is therefore denied. Darling denies the remaining allegations in Paragraph 27 of Plaintiffs' Complaint.

## COUNT III
### Negligence, Wantonness, and/or Reckless Conduct by Rodney Keith Geter

28.

Defendant Darling incorporates by reference its responses to the allegations in Paragraphs 1 through 27 of Plaintiffs' Complaint as if fully stated herein.

29.

Defendant Darling admits it owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits Defendant Geter was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling admits that Defendant Geter was its employee on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Darling Defendant is without knowledge or information sufficient to admit or deny the allegation that Defendant Geter was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Darling denies the remaining allegations in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant Darling denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

## COUNT IV
### Negligence Per Se by Rodney Keith Geter, Darling Ingredients, Inc. d/b/a DAR Pro Solutions

31.

Defendant Darling incorporates by reference its responses to the allegations in Paragraphs 1 through 30 of Plaintiffs' Complaint as if fully stated herein.

7

32.

Defendant Darling denies the allegations in Paragraph 32 of Plaintiffs' Complaint, including subparts (A)(1) and (B)(1).

33.

Defendant Darling denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

## COUNT V
### Claim for Uninsured/Underinsured Motorist Benefits
### & Medical Payment Benefits-Defendant Alfa

34.

Defendant Darling incorporates by reference its responses to the allegations in Paragraphs 1 through 33 of Plaintiffs' Complaint as if fully stated herein.

35.

Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of Plaintiffs' Complaint.  Therefore, said allegations are denied.

36.

Defendant Darling denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant Darling denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant Darling denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant Darling denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

## COUNT VI
### Loss of Consortium

40.

Defendant Darling incorporates by reference its responses to the allegations in Paragraphs 1 through 39 of Plaintiffs' Complaint as if fully stated herein.

41.

Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of Plaintiffs' Complaint. Therefore, said allegations are denied.

42.

Defendant Darling is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of Plaintiffs' Complaint. Therefore, said allegations are denied.

43.

Defendant Darling denies the allegations in Paragraph 43 of Plaintiffs' Complaint, including subparts (a) through (c).

44.

With respect to the allegations contained in the unnumbered Paragraph of Plaintiffs' Complaint immediately following the word "Wherefore", Defendant denies all allegations against it and further denies that it is liable to Plaintiffs for any amount whatsoever.

45.

Any allegations contained in Plaintiffs' Complaint not previously admitted, denied, or otherwise responded to herein are hereby denied.

### AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant Darling in the matter. Defendant Darling, therefore, asserts

said defense in order to preserve its right to assert them.  Upon completion of discovery, and if

the facts warrant, Defendant Darling may withdraw any of these defenses as may be appropriate.

Further, Defendant Darling reserves the right to amend this Answer to assert additional defenses,

cross claims, third-party claims and other claims and defenses as discovery proceeds.  Further

answering and by way of defense and affirmative defense, Defendant Darling states as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant Darling pleads the general issue, and denies the allegations as set forth in

Plaintiffs' Complaint.

## THIRD DEFENSE

Defendant Darling pleads lack of subject matter jurisdiction and standing.

## FOURTH DEFENSE

Defendant Darling denies that it breached any duty owed to Plaintiffs.

## FIFTH DEFENSE

No action or failure to act on the part of Defendant Darling was the proximate cause of

any injury to Plaintiffs or damage to Plaintiffs, and therefore, Defendant Darling is not liable to

Plaintiffs in any sum or manner whatsoever.

## SIXTH DEFENSE

Defendant Darling raises the defense that Plaintiffs' claims are barred by the law of

contributory negligence.

## SEVENTH DEFENSE

Defendant Darling shows that Plaintiffs have a duty to mitigate any alleged damages.

## EIGHTH DEFENSE

Defendant Darling raises the defense of Plaintiffs' assumption of the risk of any injuries and/or damages as alleged in Plaintiffs' Complaint.

## NINTH DEFENSE

Defendant Darling denies that Plaintiffs are injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

## TENTH DEFENSE

Defendant Darling demands strict proof of the casual connection between Plaintiffs' alleged injuries and the accident which forms the basis of Plaintiffs' Complaint.

## ELEVENTH DEFENSE

Although Defendant Darling reserves his right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Alabama Rules of Civil Procedure and the Rules of this Court, Defendant Darling asserts the following affirmative defenses as required under Rule 8(c) of the Alabama Rules of Civil Procedure to include; statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

## TWELFTH DEFENSE

Defendant Darling denies that Plaintiffs have any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against Defendant Darling under the facts of this case.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant Darling's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant Darling's rights to

substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United State Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

Any claim for punitive damages is violative of Article I, Section 6 of the Constitution of the State of Alabama and the due process clause of the Fourteenth Amendment of the United States Constitution because Alabama law does not restrict an awarded of punitive damages to a reasonable relationship to the actual harm; does not require that punitive damages bear a reasonable relationship to the compensatory damages; allows punitive damages to be awarded based on nominal damages only; allows punitive damages to be awarded vicariously against a principal without a showing of authorization, knowledge or ratification; and allows punitive damages to be awarded under an evidentiary standard less than "beyond a reasonable doubt."

### FOURTEENTH DEFENSE

The holding of *Henderson v. Alabama Power Co.,* 627 So.2d. 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to *Goodyear Tire & Rubber Co. v. Vinson,* 749 So.2d. 393 (Ala. 1999) and supporting authorities cited therein, which are adopted by reference as if fully set forth herein.

### FIFTEENTH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson,* supra, the cap provided by § 6-11-21, Code of Ala. (1975), is applicable to this case which was filed after § 6-11-21 was enacted.  Defendant Darling avers that any punitive damages award would be subject to the limitations and restrictions as set forth in Ala. Code § 6-11-21 (1975).

## SIXTEENTH DEFENSE

Alabama's law on joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of Defendant Darling to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple defendants without consideration of the extent or participation of a particular defendant in alleged joint wrongdoing with a net result being that various defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual defendants.

## SEVENTEENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant Darling by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## EIGHTEENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant Darling would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## NINTEENTH DEFENSE

The rules of evidence as applied by the Alabama Courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by judicial estoppel.

## TWENTY FIRST DEFENSE

Defendant Darling denies each and every material allegation made in Plaintiffs' Complaint and demands strict proof thereof.

## TWENTY SECOND DEFENSE

Defendant Darling reserves the right to amend its Answer until all discovery has been completed.

WHEREFORE, having fully answered, Defendant Darling prays that it be discharged without liability and with all costs cast against the Plaintiffs, and for such additional relief as the Court deems proper.

This 21st day of April, 2022.

Respectfully submitted,

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
*Attorneys for Defendant Darling Ingredients, Inc.*
*d/b/a DAR Pro Solutions*

OF COUNSEL
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY**
**STATE OF ALABAMA**

| | |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | )    Civil Action File |
| DANNY TURNER, Individually | )    No. 18-CV-2022-900017.00 |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
| | ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2022, I electronically filed the foregoing

with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will

send notification of such filing to the following:

Keith T. Belt, Jr., Esq.
W. Ryan Myers, Esq.
BELT & BRUNNER, PC
880 Montclair Road, Suite 300
Birmingham, Alabama 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

James M. Shelnutt, Esq.
SHELNUTT & VARNER, PC
113 Rainbow Industrial Blvd.
Rainbow City, Alabama 35906
thealabamalawyer@gmail.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendant Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions***

OF COUNSEL
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12498942v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

To:  MICHELLE GUTHRIE WHITELAW
     mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following answer was FILED on 4/25/2022 8:23:40 AM

Notice Date:     4/25/2022 8:23:40 AM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
4/25/2022 8:24 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, ) | |
| DAWSON TURNER, Individually, ) | |
| By and through his Mother and Next ) | |
| Friend, KAYLIE TURNER, ) | Civil Action File |
| DANNY TURNER, Individually ) | No. 18-CV-2022-900017.00 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DARLING INGREDIENTS, INC. d/b/a ) | |
| DAR PRO SOLUTIONS, RODNEY ) | |
| KEITH GETER, Individually, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW, Defendant Rodney Keith Geter (hereinafter "Defendant Geter"), and in

Answer to Plaintiffs' Complaint, states as follows:

### RESPONSES TO INDIVIDUAL AVERMENTS

### PARTIES

1.

Defendant Geter is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 1 of Plaintiffs' Complaint. Therefore, said allegations are denied.

2.

Defendant Geter is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 2 of Plaintiffs' Complaint. Therefore, said allegations are denied.

3.

Defendant Geter is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 3 of Plaintiffs' Complaint. Therefore, said allegations are denied.

4.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint. Therefore, said allegations are denied.

5.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of Plaintiffs' Complaint. Therefore, said allegations are denied.

6.

Defendant Geter admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of Plaintiffs' Complaint. Therefore, said allegations are denied.

## VENUE & JURISDICTION

8.

Defendant Geter denies the allegations in Paragraph 8 of Plaintiffs' Complaint.

## FACTS

9.

Defendant Geter denies that he made an improper lane change and abruptly slowed down in an attempt to make an illegal U-turn causing Plaintiff to strike the rear of the truck he was operating. Defendant Geter is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9 of Plaintiffs' Complaint. Therefore, said allegations are denied.

10.

Defendant Geter admits Defendant Darling Ingredients, Inc. owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of Plaintiffs' Complaint. Therefore, said allegations are denied.

12.

Defendant Geter denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant Geter denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

**COUNT I**
**Negligence, Wantonness, and/or Reckless Conduct**
**by Darling Ingredients, Inc. d/b/a Dar Pro Solutions**

14.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs 1 through 13 of Plaintiffs' Complaint as if fully stated herein.

15.

Defendant Geter admits Defendant Darling Ingredients, Inc. owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant Geter denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant Geter shows that the duties as alleged in Paragraph 18 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required,

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint. Therefore, said allegations are denied.

19.

Defendant Geter shows that the duties as alleged in Paragraph 19 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint. Therefore, said allegations are denied.

20.

Defendant Geter shows that the duties as alleged in Paragraph 20 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of Plaintiffs' Complaint. Therefore, said allegations are denied.

21.

Defendant Geter shows that the duties as alleged in Paragraph 21 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of Plaintiffs' Complaint. Therefore, said allegations are denied.

22.

Defendant Geter shows that the duties as alleged in Paragraph 22 of Plaintiffs' Complaint are set by operation of law and thus no response is required. To the extent a response is required, Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of Plaintiffs' Complaint. Therefore, said allegations are denied.

23.

Defendant Geter denies the allegations in Paragraph 23 of Plaintiffs' Complaint, including subparts (a) through (g).

24.

Defendant Geter denies the allegations in Paragraph 24 of Plaintiffs' Complaint, including subparts (a) through (g).

## COUNT II
### Negligent Entrustment by Darling Ingredients, Inc. d/b/a Dar Pro Solutions

25.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs 1 through 24 of Plaintiffs' Complaint as if fully stated herein.

26.

Defendant Geter admits Defendant Darling Ingredients, Inc. owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant Geter admits Defendant Darling Ingredients, Inc. owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits

that he was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 27 of Plaintiffs' Complaint.

## COUNT III
## Negligence, Wantonness, and/or Reckless Conduct by Rodney Keith Geter

28.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs 1 through 27 of Plaintiffs' Complaint as if fully stated herein.

29.

Defendant Geter admits Defendant Darling Ingredients, Inc. owned the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was the driver of the 2016 Mack Truck involved in the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter admits that he was an employee of Defendant Darling Ingredients, Inc. on the date of the accident which forms the basis of Plaintiffs' Complaint. Defendant Geter is without knowledge or information sufficient to admit or deny the allegation that he was in the course and scope of his employment at the time of the accident which forms the basis of Plaintiffs' Complaint, which is therefore denied. Defendant Geter denies the remaining allegations in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant Geter denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

7

## COUNT IV
### Negligence Per Se by Rodney Keith Geter, Darling Ingredients, Inc. d/b/a DAR Pro Solutions

31.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs

1 through 30 of Plaintiffs' Complaint as if fully stated herein.

32.

Defendant Geter denies the allegations in Paragraph 32 of Plaintiffs' Complaint,

including subparts (A)(1) and (B)(1).

33.

Defendant Geter denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

## COUNT V
### Claim for Uninsured/Underinsured Motorist Benefits & Medical Payment Benefits-Defendant Alfa

34.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs

1 through 33 of Plaintiffs' Complaint as if fully stated herein.

35.

Defendant Geter is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 35 of Plaintiffs' Complaint.  Therefore, said allegations are denied.

36.

Defendant Geter denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant Geter denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant Geter denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant Geter denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

## COUNT VI
## Loss of Consortium

40.

Defendant Geter incorporates by reference his responses to the allegations in Paragraphs 1 through 39 of Plaintiffs' Complaint as if fully stated herein.

41.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of Plaintiffs' Complaint. Therefore, said allegations are denied.

42.

Defendant Geter is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of Plaintiffs' Complaint. Therefore, said allegations are denied.

43.

Defendant Geter denies the allegations in Paragraph 43 of Plaintiffs' Complaint, including subparts (a) through (c).

44.

With respect to the allegations contained in the unnumbered Paragraph of Plaintiffs' Complaint immediately following the word "Wherefore", Defendant Geter denies all allegations against him and further denies that he is liable to Plaintiffs for any amount whatsoever.

45.

Any allegations contained in Plaintiffs' Complaint not previously admitted, denied, or otherwise responded to herein are hereby denied.

### AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant Geter in the matter.  Defendant Geter, therefore, asserts said defense in order to preserve his right to assert them.  Upon completion of discovery, and if the facts warrant, Defendant Geter may withdraw any of these defenses as may be appropriate. Further, Defendant Geter reserves the right to amend this Answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds.  Further answering and by way of defense and affirmative defense, Defendant Geter states as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Geter pleads the general issue, and denies the allegations as set forth in Plaintiffs' Complaint.

### THIRD DEFENSE

Defendant Geter pleads lack of subject matter jurisdiction and standing.

### FOURTH DEFENSE

Defendant Geter was not properly served with Plaintiffs' Complaint pursuant to Ala. R. Civ. P. 4.

### FIFTH DEFENSE

Defendant Geter denies that he breached any duty owed to Plaintiffs.

10

## SIXTH DEFENSE

No action or failure to act on the part of Defendant Geter was the proximate cause of any injury to Plaintiffs or damage to Plaintiffs, and therefore, Defendant Geter is not liable to Plaintiffs in any sum or manner whatsoever.

## SEVENTH DEFENSE

Defendant Geter raises the defense that Plaintiffs' claims are barred by the law of contributory negligence.

## EIGHTH DEFENSE

Defendant Geter shows that Plaintiffs have a duty to mitigate any alleged damages.

## NINTH DEFENSE

Defendant Geter raises the defense of Plaintiffs' assumption of the risk of any injuries and/or damages as alleged in Plaintiffs' Complaint.

## TENTH DEFENSE

Defendant Geter denies that Plaintiffs are injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

## ELEVENTH DEFENSE

Defendant Geter demands strict proof of the casual connection between Plaintiffs' alleged injuries and the accident.

## TWELFTH DEFENSE

Although Defendant Geter reserves his right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Alabama Rules of Civil Procedure and the Rules of this Court, Defendant Geter asserts the following affirmative defenses as required under Rule 8(c) of the Alabama Rules of Civil Procedure to include; statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

## THIRTEENTH DEFENSE

Defendant Geter denies that Plaintiffs have any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against Defendant Geter under the facts of this case.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant Geter's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant Geter's rights to substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United State Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

Any claim for punitive damages is violative of Article I, Section 6 of the Constitution of the State of Alabama and the due process clause of the Fourteenth Amendment of the United States Constitution because Alabama law does not restrict an awarded of punitive damages to a reasonable relationship to the actual harm; does not require that punitive damages bear a reasonable relationship to the compensatory damages; allows punitive damages to be awarded based on nominal damages only; allows punitive damages to be awarded vicariously against a principal without a showing of authorization, knowledge or ratification; and allows punitive damages to be awarded under an evidentiary standard less than "beyond a reasonable doubt."

## FIFTEENTH DEFENSE

The holding of *Henderson v. Alabama Power Co.,* 627 So.2d. 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences

to *Goodyear Tire & Rubber Co. v. Vinson*, 749 So.2d. 393 (Ala. 1999) and supporting authorities cited therein, which are adopted by reference as if fully set forth herein.

<div align="center">

**SIXTEENTH DEFENSE**

</div>

The doctrine of revival dictates that upon the overruling of *Henderson*, supra, the cap provided by § 6-11-21, Code of Ala. (1975), is applicable to this case which was filed after § 6-11-21 was enacted.  Defendant Geter avers that any punitive damages award would be subject to the limitations and restrictions as set forth in Ala. Code § 6-11-21 (1975).

<div align="center">

**SEVENTEENTH DEFENSE**

</div>

Alabama's law on joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of Defendant Geter to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple defendants without consideration of the extent or participation of a particular defendant in alleged joint wrongdoing with a net result being that various defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual defendants.

<div align="center">

**EIGHTEENTH DEFENSE**

</div>

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant Geter by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901.  In particular, a mental anguish damage award will violate these constitutional provisions because Alabama jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## NINTEENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant Geter would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTIETH DEFENSE

The rules of evidence as applied by the Alabama Courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred by judicial estoppel.

## TWENTY SECOND DEFENSE

Defendant Geter denies each and every material allegation made in Plaintiffs' Complaint and demands strict proof thereof.

## TWENTY THIRD DEFENSE

Defendant Geter reserves the right to amend his Answer until all discovery has been completed.

WHEREFORE, having fully answered, Defendant Geter prays that he be discharged without liability and with all costs cast against the Plaintiffs, and for such additional relief as the Court deems proper.

**DEFENDANT GETER DEMANDS TRIAL BY A STRUCK JURY OF TWELVE.**

This 25th day of April, 2022.

Respectfully submitted,

By: /s/*Michelle Guthrie Whitelaw*

Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendant Rodney Keith Geter***

OF COUNSEL
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually,            )
DAWSON TURNER, Individually,            )
By and through his Mother and Next      )
Friend, KAYLIE TURNER,                  )        Civil Action File
DANNY TURNER, Individually              )        No. 18-CV-2022-900017.00
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
DARLING INGREDIENTS, INC. d/b/a         )
DAR PRO SOLUTIONS, RODNEY               )
KEITH GETER, Individually, *et al.*     )
                                        )
        Defendants.                     )

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2022, I electronically filed the foregoing

with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will

send notification of such filing to the following:

Keith T. Belt, Jr., Esq.                    James M. Shelnutt, Esq.
W. Ryan Myers, Esq.                         SHELNUTT & VARNER, PC
BELT & BRUNNER, PC                          113 Rainbow Industrial Blvd.
880 Montclair Road, Suite 300               Rainbow City, Alabama 35906
Birmingham, Alabama 35213                   thealabamalawyer@gmail.com
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com


By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendant Rodney Keith Geter***

OF COUNSEL
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12499130v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

Judge: LHT

To:  WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following matter was FILED on 5/3/2022 12:51:01 PM

**C001 TURNER KAYLIE**

MOTION FOR PROTECTIVE ORDER

[Filer: BELT KEITH THOMSON JR.]

Notice Date:     5/3/2022 12:51:01 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/3/2022 12:51 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

| STATE OF ALABAMA | Revised 3/5/08 | | Cas | |
|---|---|---|---|---|
| Unified Judicial System | | | | |
| 18-CLEBURNE | | ☐ District Court ☑ Circuit Court | CV2 | |

**CIVIL MOTION COVER SHEET**

KAYLIE TURNER ET AL V. DARLING
INGREDIENTS INC. ET AL

*Name of Filing Party:*C001 - TURNER KAYLIE

| | |
|---|---|
| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
| KEITH T BELT JR JR | |
| 880 Montclair Road, Suite 300 | |
| BIRMINGHAM, AL 35213 | |
| *Attorney Bar No.:* BEL026 | |

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 5/3/2022 12:48:01 PM | Signature of Attorney or Party /s/ KEITH T BELT JR JR |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
5/3/2022 12:51 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, ) | |
| **DAWSON TURNER,** Individually, ) | |
| By and through his Mother and Next ) | |
| Friend, **KAYLIE TURNER,** ) | |
| **DANNY TURNER,** Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 18-CV-2022-900017 |
| ) | |
| **DARLING INGREDIENTS, INC.,** ) | |
| A Corporation, and/or d/b/a ) | |
| **DAR PRO SOLUTIONS,** A Corporation, ) | |
| **RODNEY KEITH GETER,** Individually, ) | |
| **ALFA MUTUAL INSURANCE** ) | |
| **COMPANY,** Et. Al., ) | |
| ) | |
| Defendants. ) | |

## <u>MOTION FOR PROTECTIVE ORDER</u>

Comes now the Plaintiff, by and through her counsel of record, and moves this Honorable Court to enter the Protective Order attached hereto as Exhibit "A". The attached Protective Order will allow counsel for all parties to access medical records relating to the past, present, or future physical condition of the parties as well as all information relating to the provision of the health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C.F.R. 164.512(e)(1) and 45 C.F.R. 164.512(3).

Respectfully submitted.

/s/ KEITH T. BELT, JR.

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:    (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
         ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT

**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:    thealabamalawyer@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that on 3rd day of __May__, 2022, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**DARLING INGREDIENTS, INC. d/b/a**
**DAR PRO SOLUTIONS**
**RODNEY KEITH GETER**
Michelle Guthrie Whitelaw, Esq.
Barbara A. Marschalk, Esq.
DREW, ECKL, FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
E.:     whitelawm@deflaw.com
E.:     marschalkb@deflaw.com

**ALFA MUTUAL INSURANCE COMPANY**
C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, AL 36202
E.:     david@stubbssillsfrye.com


/s/ KEITH T. BELT, JR.
OF COUNSEL



IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, ) | |
| **DAWSON TURNER,** Individually, ) | |
| By and through his Mother and Next ) | |
| Friend, **KAYLIE TURNER,** ) | |
| **DANNY TURNER,** Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 18-CV-2022-900017 |
| ) | |
| **DARLING INGREDIENTS, INC.,** ) | |
| A Corporation, and/or d/b/a ) | |
| **DAR PRO SOLUTIONS,** A Corporation, ) | |
| **RODNEY KEITH GETER,** Individually, ) | |
| **ALFA MUTUAL INSURANCE** ) | |
| **COMPANY,** Et. Al., ) | |
| ) | |
| Defendants. ) | |

## HIPPA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of

1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.


_____

**CIRCUIT COURT JUDGE**

ELECTRONICALLY FILED
5/3/2022 12:51 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

TURNER KAYLIE, )
TURNER DAWSON E., )
TURNER DANNY E., )
Plaintiffs, )
)
V. ) Case No.:    CV-2022-900017.00
)
DARLING INGREDIENTS INC., )
DAR PRO SOLUTIONS, )
GETER RODNEY KEITH, )
ALFA MUTUAL INSURANCE COMPANY ET )
AL, )
Defendants. )

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or

treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE AND ORDERED this _____ day of _____, 2022.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge] _____

**CIRCUIT JUDGE**



AlaFile E-Notice

18-CV-2022-900017.00

To:   WHITELAW MICHELLE GUTHRIE
      mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/3/2022 12:56:45 PM

Notice Date:     5/3/2022 12:56:45 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov



ELECTRONICALLY FILED
5/3/2022 12:57 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA**

| | |
|---|---|
| **KAYLIE TURNER,** Individually, ) | |
| **DAWSON TURNER,** Individually, ) | |
| By and through his Mother and Next ) | |
| Friend, **KAYLIE TURNER,** ) | |
| **DANNY TURNER,** Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 18-CV-2022-900017 |
| ) | |
| **DARLING INGREDIENTS, INC.,** ) | |
| A Corporation, and/or d/b/a ) | |
| **DAR PRO SOLUTIONS,** A Corporation, ) | |
| **RODNEY KEITH GETER,** Individually, ) | |
| **ALFA MUTUAL INSURANCE** ) | |
| **COMPANY,** Et. Al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF INTENT TO SERVE NON-PARTY

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this notice, plaintiff, will subpoena directed to the Custodian of Records of the following, who are non-parties, to produce the documents or things called for therein at the time and place specified in the subpoenas.

1.   T-MOBILE USA, INC., c/o Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603.   Subpoena Compliance Department, 4 Sylvan Way, Parsippany, NJ 07054.

### HIPAA COMPLIANCE LANGUAGE:

In compliance with 145 CFR 164.512(e)(1)(ii), (iii), the undersigned states as follows:

1.   The Plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2.   The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.   That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that the time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

*/s/KEITH T. BELT, JR.*

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:      (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
              ryanm@beltlawfirm.com

*/s/JAMES SHELNUTT*

**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:      thealabamalawyer@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that on 3rd  day of May , 2022, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**DARLING INGREDIENTS, INC. d/b/a**
**DAR PRO SOLUTIONS**
**RODNEY KEITH GETER**
Michelle Guthrie Whitelaw, Esq.
Barbara A. Marschalk, Esq.
DREW, ECKL, FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
E.:      whitelawm@deflaw.com
E.:      marschalkb@deflaw.com

**ALFA MUTUAL INSURANCE COMPANY**

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, AL 36202
E.:      david@stubbssillsfrye.com


/s/ KEITH T. BELT, JR.
OF COUNSEL

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, | ) |
| **DAWSON TURNER,** Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, **KAYLIE TURNER,** | ) |
| **DANNY TURNER,** Individually, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) 18-CV-2022-900017 |
| | ) |
| **DARLING INGREDIENTS, INC.,** | ) |
| A Corporation, and/or d/b/a | ) |
| **DAR PRO SOLUTIONS,** A Corporation, | ) |
| **RODNEY KEITH GETER,** Individually, | ) |
| **ALFA MUTUAL INSURANCE** | ) |
| **COMPANY,** Et. Al., | ) |
| | ) |
| Defendants. | ) |

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45(a)(3)(A)&(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE

**TO:   T-MOBILE USA, INC.,**
**c/o Subpoena Compliance Department**
**4 Sylvan Way**
**Parsippany, NJ 07054**

You are hereby commanded to do each of the following acts at the instance of the plaintiff within fifteen (15) days after service of this subpoena (no sooner than 15 days unless ordered by the Court).

That you produce and permit plaintiff to inspect and copy each of the following documents for **WIRELESS PHONE NUMBER (404) 844-1627** (in the Eastern Time Zone area) for the period of time from May 1, 2021, through May 31, 2021:

1.     **A complete <u>certified</u> copy of any and all records or documents,** call detail/records, including, but not limited to subscriber information, the IMEI, IMSI or other equipment or handset identification information for the wireless phone number; usage records for incoming and outgoing calls, incoming and outgoing texts, SMS Messages, MMS Messages, Cell Site Info, e-mails, and telephone call logs and/or other billing records for cell phone usage.

1

2.   That you produce and permit plaintiff to inspect and copy each of the following documents pertaining to **cellular phone number (404) 844-1627** for dates **May 1, 2021, through May 31, 2021**:

    **(a)   Voice Usage Report.** Said report should include, but not be limited to, the following information/columns:

        a.   Sending and Receiving numbers
        b.   Duration (ET)
        c.   Originating cell tower for every single transaction or line item
        d.   Date and time stamps

    **(b)   SMS Usage Report.** Said report should include, but not be limited to, the following information/columns:

        a.   Sending and Receiving numbers
        b.   Duration (ET)
        c.   Bytes up & Bytes Down
        d.   Originating cell tower for every single transaction or line item
        e.   Cell phone device location coordinates for every transaction or line item
        f.   Date and time stamps

    **(c)   Data Usage Report.** Said report should include, but not be limited to, the following information/columns:

        a.   Sending and Receiving numbers
        b.   Duration (ET)
        c.   Bytes up & Bytes Down
        d.   Originating cell tower for every single transaction or line item
        e.   Cell phone device location coordinates for every transaction or line item
        f.   Date and time stamps

    **(d)   Historical Precision Location Information Report.** Said report should include, but not be limited to, the following information/columns:

        a.   Every tower ping listed as separate line item
        b.   Originating cell tower for every single transaction or line item
        c.   Cell phone device location coordinates for every transaction or line item
        d.   Date and time stamps

## HIPAA COMPLIANCE LANGUAGE:

In compliance with 145 CFR 164.512(e)(1)(ii), (iii), the undersigned states as follows:

1.   The Plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena. The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

2.    The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought. This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that the time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents.

Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copy cost will exceed $100.00.

**Should you choose to mail legible copies of the records requested, please deliver or mail them to Keith T. Belt, Jr., BELT & BRUNER P.C., 880 Montclair Road, Suite 300, Birmingham, Alabama 35213, within 20 days of the service of this subpoena. You can also send an electronic copy of the records to dianeb@beltlawfirm.com.**

You have the right to object any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Dated the _____ day of _____, 2022.

*/s/ KEITH T. BELT, JR.* _____

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone: (205) 933-1500
Fax:     (205) 933-5500

3

E-Mail:  keithb@beltlawfirm.com
            ryanm@beltlawfirm.com

                                                    /s/ JAMES SHELNUTT
                                                    **JAMES SHELNUTT (SHE-084)**
                                                    Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:   (256) 547-4988
E-Mail:       thealabamalawyer@gmail.com

### CERTIFICATE OF SERVICE

        I do hereby certify that on 3rd day of May , 2022, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**DARLING INGREDIENTS, INC. d/b/a**
**DAR PRO SOLUTIONS**
**RODNEY KEITH GETER**
Michelle Guthrie Whitelaw, Esq.
Barbara A. Marschalk, Esq.
DREW, ECKL, FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
E.:       whitelawm@deflaw.com
E.:       marschalkb@deflaw.com

**ALFA MUTUAL INSURANCE COMPANY**
C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, AL 36202
E.:       david@stubbssillsfrye.com

                                                    /s/ KEITH T. BELT, JR.
                                                    OF COUNSEL



AlaFile E-Notice

18-CV-2022-900017.00

To:  MICHELLE GUTHRIE WHITELAW
     mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/6/2022 7:43:11 PM

Notice Date:     5/6/2022 7:43:11 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov



ELECTRONICALLY FILED
5/6/2022 7:43 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually,        ) | |
| DAWSON TURNER, Individually,        ) | |
| By and through his Mother and Next  ) | |
| Friend, KAYLIE TURNER,              ) | Civil Action File |
| DANNY TURNER, Individually          ) | No. 18-CV-2022-900017.00 |
|                                     ) | |
|          Plaintiffs,                ) | |
| v.                                  ) | |
|                                     ) | |
| DARLING INGREDIENTS, INC. d/b/a     ) | |
| DAR PRO SOLUTIONS, RODNEY           ) | |
| KEITH GETER, Individually, *et al.* ) | |
|                                     ) | |
|          Defendants.                ) | |

### RULE 5(d) NOTICE

COMES NOW, Michelle Guthrie Whitelaw, attorney for Defendant Darling Ingredients, Inc. d/b/a Dar Pro Solutions and hereby notifies the Clerk of the Circuit Court that copies of the following document were served on the attorneys of record as set forth below in the Certificate of Service:

1. *Defendant Darling Ingredients, Inc. d/b/a Dar Pro Solutions' Objections and Responses to Plaintiffs' Interrogatories and Request for Production*

The undersigned has custody of the original.

This 6th day of May, 2022.

Respectfully submitted,
**DREW ECKL & FARNHAM, LLP**

By: /s/Michelle Guthrie Whitelaw
***Attorneys for Defendant Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions***

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: *whitelawm@deflaw.com*

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY**
**STATE OF ALABAMA**

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

Alabama Judicial System's E-Filing Website system which will send notification of such filing

to the following on the 6th day of May, 2022:

> Keith T. Belt, Jr., Esq.
> W. Ryan Myers, Esq.
> BELT & BRUNNER, PC
> 880 Montclair Road, Suite 300
> Birmingham, Alabama 35213
> keithb@beltlawfirm.com
> ryanm@beltlawfirm.com
>
> James M. Shelnutt, Esq.
> SHELNUTT & VARNER, PC
> 113 Rainbow Industrial Blvd.
> Rainbow City, Alabama 35906
> thealabamalawyer@gmail.com
>
> C. David Stubbs, Esq.
> STUBBS, SILLS & FRYE, PC
> Post Office Box 2023
> Anniston, Alabama 36202
> david@stubbssillsfrye.com

By: /s/Michelle Guthrie Whitelaw
MICHELLE GUTHRIE WHITELAW (WHI 143)
***Attorneys for Defendant Darling Ingredients, Inc.
d/b/a DAR Pro Solutions***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12601468v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

To:   MICHELLE GUTHRIE WHITELAW
      mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/6/2022 8:17:28 PM

Notice Date:      5/6/2022 8:17:28 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov



ELECTRONICALLY FILED
5/6/2022 8:18 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DARLING INGREDIENTS, INC/ D/B/A DAR PRO SOLUTIONS
## PRIVILEGED DOCUMENTS LOG

| Document Description | #Pages | Privilege Type |
|---|---|---|
| 5/21/21 Handwritten Statement from Defendant Rodney Geter | 1 | Prepared in anticipation of litigation and contains work product information. |
| Personnel File of Defendant Rodney Geter | 54 | Confidential information entitled to protection under Rule 26 (c)(7) |
| Operating a Motor Vehicle On Company Business Policy | 2 | Confidential commercial information entitled to protection under Rule 26 (c)(7) |
| Safety and Health Policy | 1 | Confidential commercial information entitled to protection under Rule 26 (c)(7) |
| Auditing Policy | 1 | Confidential commercial information entitled to protection under Rule 26 (c)(7) |
| Compensation Policies | 5 | Confidential commercial information entitled to protection under Rule 26 (c)(7) |

This 6th day of May, 2022.

By: /s/*Michelle Guthrie Whitelaw*

Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com



AlaFile E-Notice

18-CV-2022-900017.00

To:  MICHELLE GUTHRIE WHITELAW
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/9/2022 1:49:50 PM

Notice Date:      5/9/2022 1:49:50 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/9/2022 1:50 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | )   Civil Action File |
| DANNY TURNER, Individually | )   No. 18-CV-2022-900017.00 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
| | ) |
| Defendants. | ) |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve

production of documents and things containing confidential information and witness testimony

containing confidential information.  Accordingly, the parties hereby agree to enter into this

Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation") to govern the

production of documents and testimony that contains confidential information and agree to be

mutually bound by its terms.

### Definitions

1.     All words or phrases have their ordinary dictionary definition unless defined

below.

2.     "Party" or "Parties" means any parent, subsidiary or affiliate corporation of the

named parties, their successors-in-interest and predecessors-in-interest, and their employees,

agents and representatives.

3.      "Person" includes but is not limited to any legal or natural person directed to produce documents or information in this litigation.

4.      "Outside Counsel" means a firm of attorneys with clients other than a party hereto, none of whose members or associates are employees, officers, directors, or owners in any capacity of a party hereto and whose offices are not located on the premises of a party hereto.

5.      "Independent Expert" and "Independent Consultant" mean a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel for the purpose of assisting in this litigation.

6.      "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

(a)      a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), and

(b)      a party or person designates as "Confidential" in accordance with this Confidential Submission.

7.      "Litigation" means this action styled *Kaylie Turner, Individually, Dawson Turner, Individually, By and through his Mother and Next Friend, Kaylie Turner, Danny Turner, Individually v. Darling Ingredients, Inc. d/b/a DARPro Solutions, Rodney Keith Geter, Individually,* Circuit Court of Cleburne County, Civil Action File No. 18-CV-2022-900017.00.

## Designation of Confidential Information

8.     *Designation of Tangible Material.*  Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice and shall designate the page of the document as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation.  The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential Information.

9.     *Designation of Intangible Material.*  Intangible material claimed to be or contain Confidential Information shall be designated by the producing party as "Confidential" in a writing provided to the receiving party at the time of production.

10.     *Subsequent Designation.*  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party by giving written notice to opposing counsel of the designation and by producing a duplicate copy of the document containing the "Confidential" stamp or marking.  Each party or person who receives such written notice and duplicate document shall endeavor to retrieve any Confidential Information that may have been disseminated and substitute said document with the duplicate document containing the "Confidential" designation, and shall thereafter distribute it only as allowed by this Confidentiality Stipulation.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Confidentiality Stipulation.

11.   *Designation of Interrogatory Responses.*  If an answer to an interrogatory is to contain Confidential Information, such Confidential Information shall be stated on a separate page to be incorporated by reference in the body of the interrogatory response.  Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Confidentiality Stipulation.

12.   *Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.  If only a portion of a deposition is designated as Confidential: (a) the Confidential portion(s) shall be transcribed and bound separately from a complete version of the deposition and shall be labeled "Confidential" and treated as such pursuant to this Confidentiality Stipulation, (b) the portions that do not contain Confidential Information shall be transcribed and bound separately from a complete version of the transcript, and (c) the complete version shall be labeled "Confidential" and treated as Confidential material pursuant to this Confidentiality Stipulation.

13.   *Modification of Designation.*  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below, provided that the parties or persons must negotiate in good faith regarding any disputes over designation of Confidential Information before presenting the dispute to the Court.

(a)    The producing party or person may agree in writing to downgrade or eliminate the Confidential designation on any information or material it produced.

(b)    If the parties or person cannot agree as to the designation of any particular information or material, the receiving party or person may move the Court to downgrade or eliminate the Confidential designation.  The burden of proving that the information has been properly designated as protected shall be on the party or person who made the original designation.

## Access to Confidential Information

14.    *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a)    To the Court and Court staff.

(b)    To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity.  Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special master(s) must have signed and delivered to counsel of record for each party a letter in the form of Exhibit A hereto.

(c)    To outside counsel for a party hereto, provided that outside counsel who are not of record first must sign and deliver to counsel of record for each other party or

- 4 -

parties a letter in the form of Exhibit A hereto, before being permitted access to Confidential Information.

(d)     To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation.

(e)     To court reporters transcribing a deposition, hearing, or other proceeding in this matter as provided in paragraph 17 below.

(f)     To witnesses who, at the time they testify or are deposed, are employed by or retained by the party that produced the Confidential Information and designated the information as protected.

(g)     To independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement, or trial of this litigation, but only if the following conditions are met: a party who proposes to reveal Confidential Information to any independent expert or independent consultant shall, before revealing any Confidential Information to such person, obtain an agreement in the form of Exhibit A hereto signed by such person.

(h)     To such other persons as the parties may agree in writing and who sign Exhibit A attached hereto.

15.     *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

16. *Agreements to Provide Access.* The parties may agree in writing to permit access to Confidential Information to persons not otherwise granted access by the terms of this Confidentiality Stipulation. The writing must identify the particular person to whom the Confidential Information will be disclosed and specify, by Bates number if possible, the Confidential Information to be disclosed. Prior to such disclosure, outside counsel of record for all parties in the action must have received an agreement in the form of Exhibit A hereto signed by the particular person.

17. *Access by Court Reporters.* Excluding court proceedings or court-appointed court-reporters or transcribers, any court reporter or transcriber who reports or transcribes testimony in this litigation shall agree by a statement on the record, before recording or transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential. The reporter or transcriber shall further affirm that such information will not be disclosed by such reporter or transcriber except to the attorneys for each party, and copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality by such reporter or transcriber or shall be delivered to the undersigned attorneys.

18. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information. The party seeking to disclose Confidential Information to a particular person shall have the burden of persuasion, although the designating party shall always have the burden of persuasion as to the propriety of the designation.

## Use of Confidential Information

19.    *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly, or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

20.    *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Confidentiality Stipulation to receive the Confidential Information.

21.    *Use at Court Hearings and Trial.*  Subject to the Alabama Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the courtroom of persons not authorized by this Confidentiality stipulation to receive Confidential Information.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

## Other Provisions

22.    *Filing Under Seal.*  Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a

- 7 -

Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

23.     *Maintaining Sealed Documents*. The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that are filed in this litigation.

24.     *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

25.     *Storage*. Confidential Information subject to the terms of this Confidentiality Stipulation shall, when not in use, be stored in such a manner as to protect against disclosure to persons who do not have a need in this litigation to see the Confidential Information and who are not in the employment of those possessing Confidential Information.

26.     *Return/Destruction After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. Alternatively, if outside counsel desires to destroy the other party's Confidential Information in lieu of returning it, outside counsel shall supervise and certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court. As to Confidential Information provided to independent experts and independent consultants, it shall be acceptable for outside counsel to obtain confirmation in writing from each such independent expert or independent consultant that he or she has

- 8 -

destroyed the Confidential Information and for outside counsel to notify the producing party in writing that such confirmation has been obtained.

27.  *Continuing Obligation.*  Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Confidentiality Stipulation.  The Court shall retain jurisdiction to enforce the terms of this Confidentiality Stipulation.  Every person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of the Confidentiality Stipulation.

28.  *Not an Admission.*  Nothing in this Confidentiality Stipulation or done by the parties pursuant to this Confidentiality Stipulation shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection or seeking any available protection with respect to any Confidential Information, including but not limited to the objections regarding admissibility of evidence, materiality, trial preparation materials and privilege.

29.  *Inadvertent Disclosure of Privileged Information.*  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and

- 9 -

all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information on the grounds of waiver, etc.

30.      *Miscellaneous*.  This Confidentiality Stipulation shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.

31.      *Effective Date*.  This Confidentiality Stipulation shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

This 9th day of May, 2022.


**CONSENTED TO AND AGREED UPON BY:**

| BELT & BRUNNER, PC | SHELLNUTT & VARNER, PC |
|---|---|
| /s/ Keith T. Belt | /s/ James M. Shelnutt |
| Keith T. Belt (BEL026) *[electronically signed by M. Whitelaw with express permission]* W. Ryan Myers (MYE014) 880 Montclair Road, Suite 300 Birmingham, Alabama 35213 Telephone: (205) 933-1500 E-mail: keithb@beltlawfirm.com E-mail: ryanm@beltlawfirm.com ***Attorneys for Plaintiff*** | James M. Shelnutt (SHE084) *[electronically signed by M. Whitelaw with express permission]* 113 Rainbow Industrial Blvd. Rainbow City, Alabama 35906 Telephone: (256) 547-4988 E-mail: thealabamalawyer@gmail.com ***Attorneys for Plaintiff*** |
|  |  |

- 10 -

| DREW ECKL & FARNHAM, LLP | STUBBS, SILLS & FRYE, PC |
|---|---|
| /s/ Michelle Guthrie Whitelaw | /s/ C. David Stubbs |
| Michelle Guthrie Whitelaw (WHI143)<br>303 Peachtree St., NE, Suite 3500<br>Atlanta, Georgia 30308<br>Telephone: (404) 885-1400<br>E-mail: mwhitelaw@deflaw.com<br>**Attorneys for Defendants** | C. David Stubbs (STU013)<br>**[electronically signed by M. Whitelaw with express permission]**<br>Post Office Box 2023<br>Anniston, Alabama 36202<br>Telephone: (256) 835-5050<br>E-mail: david@stubbssillsfrye.com<br>**Attorneys for Alfa Insurance Company** |

12591352v1
22677-206110

Exhibit A

IN THE CIRCUIT COURT OF CLEBURNE COUNTY
STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT CONCERNING INFORMATION COVERED BY
## CONFIDENTIALITY STIPULATION

I have been designated by _____ as a person who may have access to

Confidential Information as that term is defined in the Confidentiality Stipulation entered in the

above-entitled case.

Having read the Confidentiality Stipulation, I agree to comply fully with it and to be

bound by its terms with respect to all Confidential Information as defined therein.  I agree not to

copy or disclose to any non-qualified person or entity any Confidential Information that has been

disclosed to me.

If I violate any terms of that Confidentiality Stipulation with respect to the treatment of

Confidential Information, I agree to submit myself to the jurisdiction of the State Court of

Cleburne County for the purpose of enforcement of the terms of the Confidentiality Stipulation.

Executed this _____ day of _____, 2022.

_____

- 13 -



ELECTRONICALLY FILED
5/9/2022 1:50 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | ) |
| DANNY TURNER, Individually | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
| | ) |
|     Defendants. | ) |

Civil Action File
No. 18-CV-2022-900017.00

## PROPOSED ORDER APPROVING CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Upon review of the information contained in the *Confidentiality Stipulation and Protective Order* completed and filed by the parties, the Court orders that the terms set forth therein are hereby adopted by the Court as a protective order governing discovery in this case.

DONE this _____ day of _____, 2022.


_____
Honorable Louie "Bud" Turner
Circuit Judge

**Order Prepared by:**
Michelle Guthrie Whitelaw
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: whitelawm@deflaw.com
*Attorneys for Defendants*

12591434v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

To:  WHITELAW MICHELLE GUTHRIE
     mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/11/2022 3:19:42 PM

Notice Date:     5/11/2022 3:19:42 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov



ELECTRONICALLY FILED
5/11/2022 3:19 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER; DAWSON TURNER; | * | |
| KAYLIE TURNER, as Mother and Next | * | |
| Friend of DANNY TURNER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO.: CV-2022-900017 |
| | * | |
| DARLING INGREDIENTS, INC.,; | * | |
| DAR PRO SOLUTIONS; RODNEY | * | |
| KEITH GETER; ALFA MUTUAL | * | |
| INSURANCE COMPANY, et al., | * | |
| | * | |
| Defendants. | * | |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:     Circuit Court Clerk
        Cleburne County Courthouse
        Heflin, Alabama

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Defendant, Alfa Mutual Insurance Company:

( )     Interrogatories to Plaintiff
( )     Request for Production to Plaintiff
( )     Request for Admissions to Plaintiff
**(X)     Defendant Alfa's Answers to Interrogatories**
**(X)     Defendant Alfa's Response to Request for Production**
( )     Defendant's Response to Request for Admissions
( )     Notice of Intent to Serve Subpoena
( )     Notice of Taking Deposition of Plaintiff
( )     Other: _____

Respectfully submitted,

__/s/   C. David Stubbs_____
C. David Stubbs                (STU013)
Attorney for Defendant Alfa Mutual Insurance
Company

**OF COUNSEL:**
**STUBBS, SILLS & FRYE, P.C.**
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Fax: (256) 835-0011
Email: david@stubbssillsfrye.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the Alafile System, which will send notification of such filed to Keith T. Belt, Jr., Esq., W. Ryan Myers, Esq., James M. Shelnutt, Esq. and Michelle G. Whitelaw, Esq.

/s/ C. David Stubbs
**Of Counsel**



AlaFile E-Notice

18-CV-2022-900017.00

Judge: LHT

To:   WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

A court action was entered in the above case on 5/12/2022 9:54:55 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           LHT

Notice Date:     5/12/2022 9:54:55 AM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/12/2022 9:55 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

TURNER KAYLIE,                    )
TURNER DAWSON E.,                 )
TURNER DANNY E.,                  )
Plaintiffs,                       )
                                  )
V.                                )    Case No.:    CV-2022-900017.00
                                  )
DARLING INGREDIENTS INC.,         )
DAR PRO SOLUTIONS,                )
GETER RODNEY KEITH,               )
ALFA MUTUAL INSURANCE COMPANY )
ET AL,                            )
Defendants.                       )

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug

addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE this 12th day of May, 2022.

/s/ BUD TURNER
CIRCUIT JUDGE



AlaFile E-Notice

18-CV-2022-900017.00

To:  MICHELLE GUTHRIE WHITELAW
     mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/17/2022 4:14:09 PM

Notice Date:      5/17/2022 4:14:09 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/17/2022 4:14 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF OBJECTION TO ISSUANCE OF RULE 45 SUBPOENA TO NON-PARTY T-MOBILE USA, INC.

COME NOW Defendants in the above-captioned civil action, pursuant to Rule 45 of the Alabama Rules of Civil Procedure, and hereby give notice of their objection to the issuance of Plaintiffs' proposed subpoena to T-Mobile, USA, Inc. filed with the court on May 3, 2022. Defendants object to the disclosure of any documents pertaining to the identification, times, content, usage records for incoming and outgoing calls, incoming and outgoing texts, SMS Messages, MMS Messages, Cell Site Info, e-mails, telephone call logs, and billing for the wireless device with phone number 404-844-1627.

Plaintiffs' proposed subpoena requests information for the time period of May 1, 2021 through May 31, 2021 (some of which has not yet occurred). Based on the claims asserted against Defendants in this lawsuit, such information for the requested time period is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendants request Plaintiffs' proposed subpoena to T-Mobile, USA, Inc. not be issued.

This 17th day of May, 2022.

Respectfully submitted,

By:  /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12629208v1
22677-206110

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually, )
DAWSON TURNER, Individually, )
By and through his Mother and Next )
Friend, KAYLIE TURNER, ) Civil Action File
DANNY TURNER, Individually ) No. 18-CV-2022-900017.00
 )
  Plaintiffs, )
v. )
 )
DARLING INGREDIENTS, INC. d/b/a )
DAR PRO SOLUTIONS, RODNEY )
KEITH GETER, Individually, *et al.* )
 )
   Defendants. )

## CERTIFICATE OF SERVICE

 I hereby certify that on the 17th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following:

Keith T. Belt, Jr., Esq.
W. Ryan Myers, Esq.
BELT & BRUNNER, PC
880 Montclair Road, Suite 300
Birmingham, Alabama 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

James M. Shelnutt, Esq.
SHELNUTT & VARNER, PC
113 Rainbow Industrial Blvd.
Rainbow City, Alabama 35906
thealabamalawyer@gmail.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com

     By: /s/*Michelle Guthrie Whitelaw*
     Michelle Guthrie Whitelaw (WHI143)
     ***Attorneys for Defendants***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12629208v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

Judge: LHT

To:  WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following matter was FILED on 5/18/2022 8:49:41 AM

**D004 ALFA MUTUAL INSURANCE COMPANY**

MOTION TO OPT OUT AND MOTION IN LIMINE

[Filer: STUBBS CHARLES DAVID]

Notice Date:      5/18/2022 8:49:41 AM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/18/2022 8:50 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

| STATE OF ALABAMA | Revised 3/5/08 | | Cas | |
|---|---|---|---|---|
| Unified Judicial System | | | | |
| 18-CLEBURNE | | ☐ District Court  ☑ Circuit Court | CV2 | |

| | **CIVIL MOTION COVER SHEET** |
|---|---|
| KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL | Name of Filing Party:D004 - ALFA MUTUAL INSURANCE COMPANY |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| CHARLES DAVID STUBBS | |
| P.O. BOX 2023 | |
| ANNISTON, AL 36202 | |
| *Attorney Bar No.:* STU013 | |

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Motion to Opt Out and Motion in Limine |
| | pursuant to Rule None   (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date: 5/18/2022 8:49:42 AM | Signature of Attorney or Party /s/ CHARLES DAVID STUBBS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
5/18/2022 8:50 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| KAYLIE TURNER; DAWSON TURNER; <br> KAYLIE TURNER, as Mother and Next <br> Friend of DANNY TURNER, <br><br>     Plaintiffs, <br><br> vs. <br><br> DARLING INGREDIENTS, INC.,; <br> DAR PRO SOLUTIONS; RODNEY <br> KEITH GETER; ALFA MUTUAL <br> INSURANCE COMPANY, et al., <br><br>     Defendants. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \*           CASE NO.: CV-2022-900017 <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* |

## MOTION TO OPT OUT AND MOTION IN LIMINE

COMES NOW the Defendant, Alfa Mutual Insurance Company, and gives notice to the Court and the parties of its election to opt out of any further proceedings. In doing so, this Defendant agrees to be bound by the verdict in this action to the extent of its underinsured motorist benefit limits of coverage and liability as specified in its contract, over and beyond all liability coverage available to the Defendants, Darling Ingredients, Inc., Dar Pro Solutions and Rodney Keith Geter.

This Defendant further moves the Court, *in limine*, to prohibit the Plaintiffs and/or their counsel from introducing evidence or commenting or referring to or making any statement which would in any way disclose to the prospective trial jurors or the trial jurors the existence of, or the amount of, this Defendant's insurance coverage and the fact that this Defendant has been named as a Defendant in this action.

As grounds in support of this Motion, this Defendant states as follows:

1.     Alfa Mutual Insurance Company issued a policy of automotive insurance which affords uninsured and/or underinsured motorist benefit coverage, which could possibly be applicable to the personal injuries and damages claimed herein by the Plaintiffs.

2.      Alfa Mutual Insurance Company was named as a Defendant herein and Plaintiffs have asserted a claim for recovery of underinsured motorist benefits under a policy issued by Alfa with respect to the personal injuries and damages allegedly sustained by Plaintiffs in the motor vehicle accident made the basis of this action.

3.      Alfa Mutual Insurance Company agrees not to attend or to participate any further in the proceedings of this matter, including the trial of this action, and agrees to be bound by the jury verdict hereinafter rendered and the judgment of the Court that may be rendered hereon, if applicable, subject to its limits of coverage.

4.      In the event that Alfa Mutual Insurance Company is called upon to make payments under the medical payment provisions of its policy, Alfa reserves its right of subrogation against any responsible party under the terms of the applicable policy.

5.      Because Alfa Mutual Insurance Company is electing to not participate in any future trial herein and agrees to be bound by the jury verdict and any judgment of the court rendered thereon subject to the limits of its coverage, it would be improper for the existence or amount of the insurance coverage or the fact that Alfa is a Defendant in this action to be interjected into the trial of this action and made known to the trial jury or the prospective trial jurors.

WHEREFORE, the Defendant, Alfa Mutual Insurance Company gives notice to the Court and the parties that it will not participate in the trial of this action, and further moves the Court for an Order allowing such opt out and directing that the other attorneys and parties to this action be directed, by way of *Limine* herein, that no suggestion, comment, remark, or evidence be offered or disclosed during voir dire examination, selection of a trial jury, and the trial of this action concerning the fact that Alfa Mutual Insurance Company is a Defendant in this action, or the existence of or amount of any insurance coverage provided by Alfa Mutual Insurance Company to any party to this action.

Respectfully submitted,

/s/  **C. David Stubbs**
_____
C. David Stubbs                  (STU013)
Attorney for Defendant Alfa Mutual Insurance
Company

**OF COUNSEL:**
**STUBBS, SILLS & FRYE, P.C.**
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Fax: (256) 835-0011
Email: david@stubbssillsfrye.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the Alafile System, which will send notification of such filed to Keith T. Belt, Jr., Esq., W. Ryan Myers, Esq., James M. Shelnutt, Esq. and Michelle G. Whitelaw, Esq.

/s/ C. David Stubbs
_____
**Of Counsel**



AlaFile E-Notice

18-CV-2022-900017.00

To:  WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/20/2022 10:47:12 AM

Notice Date:     5/20/2022 10:47:12 AM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov


ELECTRONICALLY FILED
5/20/2022 10:48 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KAYLIE TURNER,** Individually, | ) | |
| **DAWSON TURNER,** Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, **KAYLIE TURNER,** | ) | |
| **DANNY TURNER,** Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 18-CV-2022-900017 |
| | ) | |
| **DARLING INGREDIENTS, INC.,** | ) | |
| A Corporation, and/or d/b/a | ) | |
| **DAR PRO SOLUTIONS,** A Corporation, | ) | |
| **RODNEY KEITH GETER,** Individually, | ) | |
| **ALFA MUTUAL INSURANCE** | ) | |
| **COMPANY,** Et. Al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF INTENT TO SERVE NON-PARTY</u>

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this notice, plaintiff, will subpoena directed to the Custodian of Records of the following, who are non-parties, to produce the documents or things called for therein at the time and place specified in the subpoenas.

1.      Cleburne County 911, ATTN:  Crystal Cavender, P. O. Box 908, Heflin, AL 36264.

### <u>HIPAA COMPLIANCE LANGUAGE</u>:

In compliance with 145 CFR 164.512(e)(1)(ii), (iii), the undersigned states as follows:

1.      The Plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2.      The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.       That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that the time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

*/s/ KEITH T. BELT, JR.*
**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:      (205) 933-5500
E-Mail:   keithb@beltlawfirm.com
               ryanm@beltlawfirm.com

*/s/ JAMES SHELNUTT*
**JAMES SHELNUTT (SHE-084)**
*Attorneys for Plaintiff*

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:      thealabamalawyer@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that on _____20TH_ day of ___May_ , 2022, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**DARLING INGREDIENTS, INC. d/b/a**
**DAR PRO SOLUTIONS**
**RODNEY KEITH GETER**
Michelle Guthrie Whitelaw, Esq.
Barbara A. Marschalk, Esq.
DREW, ECKL, FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

E.:   whitelawm@deflaw.com
E.:   marschalkb@deflaw.com

**ALFA MUTUAL INSURANCE COMPANY**
C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, AL 36202
E.:   david@stubbssillsfrye.com

/s/ KEITH T. BELT, JR.
OF COUNSEL

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA**

| | |
|---|---|
| **KAYLIE TURNER,** Individually, )<br>**DAWSON TURNER,** Individually, )<br>By and through his Mother and Next )<br>Friend, **KAYLIE TURNER,** )<br>**DANNY TURNER,** Individually, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>**DARLING INGREDIENTS, INC.,** )<br>A Corporation, and/or d/b/a )<br>**DAR PRO SOLUTIONS,** A Corporation, )<br>**RODNEY KEITH GETER,** Individually, )<br>**ALFA MUTUAL INSURANCE** )<br>**COMPANY,** Et. Al., )<br>)<br>      Defendants. ) | CIVIL ACTION NO.:<br>18-CV-2022-900017 |

**CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER
RULE 45(a)(3)(A)&(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE**

**TO:   CLEBURNE COUNTY 911**
      **c/o Crystal Cavender**
      **P. O. Box 908**
      **Heflin, AL 36264**

      You are hereby commanded to do each of the following acts at the instance of the plaintiff within fifteen (15) days after service of this subpoena, (no sooner than 15 days unless ordered by the Court).

      That you produce and permit plaintiff to inspect and copy each of the following documents:

      **A complete copy of your records, including, intake logs, call notes, accident/incident report, E-911 audio tape/transcript, notes, memorandums, statements, videos, photographs, or other documents regarding an automobile accident that occurred at approximately 12:45 p.m. on May 19, 2021, on I-20 between AL-281 and 199 (Mile Post 196.2), in Cleburne County, Alabama.   The drivers of the vehicles involved were Rodney Keith Geter and Kaylie Turner resulting in Crash Report #1654539.**

1

## <u>HIPAA COMPLIANCE LANGUAGE</u>:

In compliance with 145 CFR 164.512(e)(1)(ii), (iii), the undersigned states as follows:

1. The Plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2. The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3. That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that the time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents.

Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.   You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copy cost will exceed $100.00.

**Should you choose to mail legible copies of the records requested, please deliver or mail them to Keith T. Belt, Jr., BELT & BRUNER P.C., 880 Montclair Road, Suite 300, Birmingham, Alabama 35213, within 20 days of the service of this subpoena.  You can also send an electronic copy of the records to <u>dianeb@beltlawfirm.com</u>.**

You have the right to object any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Dated the _____ day of _____, 2022.

2

/s/ KEITH T. BELT, JR.

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:       (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
              ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT

**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:  (256) 547-4988
E-Mail:      thealabamalawyer@gmail.com

3



AlaFile E-Notice

18-CV-2022-900017.00

Judge: LHT

To: WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

## NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

A court action was entered in the above case on 5/24/2022 4:09:53 PM

ORDER

[Filer: ]

Disposition:       GRANTED
Judge:             LHT

Notice Date:       5/24/2022 4:09:53 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
5/24/2022 4:09 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

TURNER KAYLIE,           )
TURNER DAWSON E.,        )
TURNER DANNY E.,         )
Plaintiffs,              )
                         )
V.                       )  Case No.:   CV-2022-900017.00
                         )
DARLING INGREDIENTS INC., )
DAR PRO SOLUTIONS,       )
GETER RODNEY KEITH,      )
ALFA MUTUAL INSURANCE COMPANY )
ET AL,                   )
Defendants.              )

### ORDER

MOTION TO OPT OUT AND MOTION IN LIMINE filed by ALFA MUTUAL INSURANCE
COMPANY is hereby GRANTED.

**DONE this 24th day of May, 2022.**

                         /s/ BUD TURNER
                         **CIRCUIT JUDGE**



AlaFile E-Notice

18-CV-2022-900017.00

To:   MICHELLE GUTHRIE WHITELAW
mwhitelaw@deflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 5/26/2022 1:37:22 PM

Notice Date:      5/26/2022 1:37:22 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

DOCUMENT 50

ELECTRONICALLY FILED
3/26/2022 1:37 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

**IN THE CIRCUIT COURT OF CLEBURNE COUNTY
STATE OF ALABAMA**

| | |
|---|---|
| KAYLIE TURNER, Individually,<br>DAWSON TURNER, Individually,<br>By and through his Mother and Next<br>Friend, KAYLIE TURNER,<br>DANNY TURNER, Individually<br><br>    Plaintiffs,<br><br>v.<br><br>DARLING INGREDIENTS, INC. d/b/a<br>DAR PRO SOLUTIONS, RODNEY<br>KEITH GETER, Individually, *et al.*<br><br>    Defendants. | Civil Action File<br>No. 18-CV-2022-900017.00 |

**DEFENDANTS' WITHDRAWAL OF OBJECTION TO ISSUANCE OF RULE 45
SUBPOENA TO NON-PARTY T-MOBILE USA, INC.**

COME NOW Defendants in the above-captioned civil action and withdraw their

objection to the issuance of Plaintiffs' proposed subpoena to T-Mobile, USA, Inc., an agreement

having been reached on the issue between counsel for Plaintiffs and counsel for Defendants.

This 26th day of May, 2022.

Respectfully submitted,

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12658589v1
22677-206110

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually,       )
DAWSON TURNER, Individually,       )
By and through his Mother and Next )
Friend, KAYLIE TURNER,             )        Civil Action File
DANNY TURNER, Individually         )        No. 18-CV-2022-900017.00
                                   )
    Plaintiffs,                )
                                   )
v.                                 )
                                   )
DARLING INGREDIENTS, INC. d/b/a    )
DAR PRO SOLUTIONS, RODNEY          )
KEITH GETER, Individually, *et al*. )
                                   )
    Defendants.                )

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2022, I electronically filed the foregoing

with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will

send notification of such filing to the following:

Keith T. Belt, Jr., Esq.              James M. Shelnutt, Esq.
W. Ryan Myers, Esq.                   SHELNUTT & VARNER, PC
BELT & BRUNNER, PC                    113 Rainbow Industrial Blvd.
880 Montclair Road, Suite 300         Rainbow City, Alabama 35906
Birmingham, Alabama 35213             thealabamalawyer@gmail.com
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com

By:  /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants***

OF COUNSEL
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

12658589v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

To:  WHITELAW MICHELLE GUTHRIE
mwhitelaw@deflaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following subpoena was FILED on 6/3/2022 12:59:44 PM

Notice Date:     6/3/2022 12:59:44 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
6/3/2022 1:00 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)  Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>18- |
|---|---|---|

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
  (For Juvenile cases only):
☐ In the Matter of _____

CLEBURNE COUNTY 911

C/O CRYSTAL CAVENDER
P.O.BOX 908
HEFLIN, AL 36264

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:  KEITH T BELT JR JR 880 Montclair Road, Suite 300 BIRMINGHAM, AL 35213 (205) 933-1500

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

| | |
|---|---|
| DATE: | 06/23/2022 12:00 AM |
| ROOM: | 10:00 am |
| ADDRESS: | Belt & Bruner PC |
| | 880 Montclair Rd Ste 300 |
| | Birmingham, AL 35213 |
| DATE ISSUED: | 6/3/2022 |

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

PRODUCE RECORDS ON THE ATTACHED SUBPOENA

/s/ WARREN SARRELL III
_____
Signature of Court Clerk          Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**          court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____
          on
_____

(For Criminal cases only)
☐ Served By Mail

_____
Date Mailed

_____
Signature and Title of Server

_____        _____
Sheriff                            Deputy Sheriff

| Form C-13 (back)   Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

## NOTICE

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service, or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
6/3/2022 1:00 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | |
|---|---|
| **KAYLIE TURNER,** Individually, )<br>**DAWSON TURNER,** Individually, )<br>By and through his Mother and Next )<br>Friend, **KAYLIE TURNER,** )<br>**DANNY TURNER,** Individually, )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>**DARLING INGREDIENTS, INC.,** )<br>A Corporation, and/or d/b/a )<br>**DAR PRO SOLUTIONS,** A Corporation, )<br>**RODNEY KEITH GETER,** Individually, )<br>**ALFA MUTUAL INSURANCE** )<br>**COMPANY,** Et. Al., )<br> )<br>      Defendants. ) | CIVIL ACTION NO.:<br>18-CV-2022-900017 |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45(a)(3)(A)&(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE

**TO:**   **CLEBURNE COUNTY 911**
       **c/o Crystal Cavender**
       **P. O. Box 908**
       **Heflin, AL 36264**

You are hereby commanded to do each of the following acts at the instance of the plaintiff within fifteen (15) days after service of this subpoena, (no sooner than 15 days unless ordered by the Court).

That you produce and permit plaintiff to inspect and copy each of the following documents:

**A complete copy of your records, including, intake logs, call notes, accident/incident report, E-911 audio tape/transcript, notes, memorandums, statements, videos, photographs, or other documents regarding an automobile accident that occurred at approximately 12:45 p.m. on May 19, 2021, on I-20 between AL-281 and 199 (Mile Post 196.2), in Cleburne County, Alabama.  The drivers of the vehicles involved were Rodney Keith Geter and Kaylie Turner resulting in Crash Report #1654539.**

## HIPAA COMPLIANCE LANGUAGE:

In compliance with 145 CFR 164.512(e)(1)(ii), (iii), the undersigned states as follows:

1.    The Plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena. The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

2.    The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought. This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that the time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents.

Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copy cost will exceed $100.00.

**Should you choose to mail legible copies of the records requested, please deliver or mail them to Keith T. Belt, Jr., BELT & BRUNER P.C., 880 Montclair Road, Suite 300, Birmingham, Alabama 35213, within 20 days of the service of this subpoena. You can also send an electronic copy of the records to dianeb@beltlawfirm.com.**

You have the right to object any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Dated the _____3rd_____ day of _____June_____, 2022.

/s/ KEITH T. BELT, JR.

**KEITH T. BELT, JR. (ASB-6843-T79K)**
**W. RYAN MYERS (ASB-1040-A16P)**
Attorneys for Plaintiff

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:   (205) 933-1500
Fax:       (205) 933-5500
E-Mail:  keithb@beltlawfirm.com
               ryanm@beltlawfirm.com

/s/ JAMES SHELNUTT

**JAMES SHELNUTT (SHE-084)**
Attorneys for Plaintiff

OF COUNSEL:
James  Shelnutt, Esq.
**SHELNUTT LAW FIRM, P.C.**
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Phone:   (256) 547-4988
E-Mail:      thealabamalawyer@gmail.com

ELECTRONICALLY FILED
5/12/2022 9:55 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

TURNER KAYLIE,        )
TURNER DAWSON E.,    )
TURNER DANNY E.,     )
Plaintiffs,           )
                   )
V.                 )   Case No.:   CV-2022-900017.00
                   )
DARLING INGREDIENTS INC.,  )
DAR PRO SOLUTIONS,   )
GETER RODNEY KEITH,   )
ALFA MUTUAL INSURANCE COMPANY )
ET AL,            )
Defendants.          )

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug

addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE this 12th day of May, 2022.

/s/ BUD TURNER
CIRCUIT JUDGE

## CERTIFICATE

I, _____, hereby certify and affirm in writing that I am

      (Name)

_____ of the _____

    (Position/Title)                        (Facility Name)

facility organized or operated pursuant to or under the laws of _____, located at ___

_____. I hereby certify that the attached records are a true and

correct of the records pertaining to _____, kept in our

office in my custody, and I am the legal custodian and keeper of records of _____

_____.

      I further certify that said records were made in the regular course of business and that

it was in the regular course of said office for such records to be made at the time of the events,

transactions, or occurrences to which they refer or within a reasonable time thereafter.

      SIGNED this _____ day of _____, 20___

_____:

_____

**Signature of Records Custodian**

STATE OF _____ )

_____ COUNTY )

      Sworn to and subscribed before me this _____ day of _____, 20____ .

_____

**NOTARY PUBLIC**

**My Commission Expires:** _____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>18-CV-2022-900017.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
  (For Juvenile cases only):
☐ In the Matter of _____

CLEBURNE COUNTY 911

C/O CRYSTAL CAVENDER
P.O.BOX 908
HEFLIN, AL 36264

W001

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   KEITH T BELT JR JR 880 Montclair Road, Suite 300 BIRMINGHAM, AL 35213 (205) 933-1500

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

PRODUCE RECORDS ON THE ATTACHED SUBPOENA

| | |
|---|---|
| **DATE:** | 6/23/2022 12:00:00 AM |
| **ROOM:** | 10:00 am |
| **ADDRESS:** | Belt & Bruner PC |
| | 880 Montclair Rd Ste 300 |
| | Birmingham, AL 35213 |
| **DATE ISSUED:** | 6/3/2022 |

/s/ WARREN SARRELL III
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**                    court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to
_____
            on
_____
_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

**SERVICE RETURN COPY**

18-CV-2022-900017.00-W001



AlaFile E-Notice

18-CV-2022-900017.00

To:   MICHELLE GUTHRIE WHITELAW
      mwhitelaw@deflaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 6/6/2022 7:42:10 PM

Notice Date:      6/6/2022 7:42:10 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
6/6/2022 7:42 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually,           )
DAWSON TURNER, Individually,           )
By and through his Mother and Next     )
Friend, KAYLIE TURNER,                 )      Civil Action File
DANNY TURNER, Individually             )      No. 18-CV-2022-900017.00
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )
                                       )
DARLING INGREDIENTS, INC. d/b/a        )
DAR PRO SOLUTIONS, RODNEY              )
KEITH GETER, Individually, *et al.*    )
                                       )
        Defendants.                    )

## <u>RULE 5(d) NOTICE</u>

COMES NOW, Michelle Guthrie Whitelaw, attorney for Defendant Rodney Keith Geter

and hereby notifies the Clerk of the Circuit Court that copies of the following document were

served on the attorneys of record as set forth below in the Certificate of Service:

1. *Defendant Rodney Keith Geter's Objections and Responses to Plaintiffs' Interrogatories and Request for Production*

The undersigned has custody of the original.

This 6th day of June, 2022.

                          Respectfully submitted,
                          **DREW ECKL & FARNHAM, LLP**

                          By: */s/Michelle Guthrie Whitelaw*
                          ***Attorney for Defendants Darling Ingredients, Inc.***
                          ***d/b/a DAR Pro Solutions and Rodney Keith Geter***

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: *whitelawm@deflaw.com*

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, )<br>DAWSON TURNER, Individually, )<br>By and through his Mother and Next )<br>Friend, KAYLIE TURNER, )<br>DANNY TURNER, Individually )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>DARLING INGREDIENTS, INC. d/b/a )<br>DAR PRO SOLUTIONS, RODNEY )<br>KEITH GETER, Individually, *et al.* )<br> )<br>    Defendants. ) | Civil Action File<br>No. 18-CV-2022-900017.00 |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

Alabama Judicial System's E-Filing Website system which will send notification of such filing

to the following on the 6th day of June, 2022:

> Keith T. Belt, Jr., Esq.
> W. Ryan Myers, Esq.
> BELT & BRUNNER, PC
> 880 Montclair Road, Suite 300
> Birmingham, Alabama 35213
> keithb@beltlawfirm.com
> ryanm@beltlawfirm.com
>
> James M. Shelnutt, Esq.
> SHELNUTT & VARNER, PC
> 113 Rainbow Industrial Blvd.
> Rainbow City, Alabama 35906
> thealabamalawyer@gmail.com
>
> C. David Stubbs, Esq.
> STUBBS, SILLS & FRYE, PC
> Post Office Box 2023
> Anniston, Alabama 36202
> david@stubbssillsfrye.com

By:  /s/Michelle Guthrie Whitelaw

MICHELLE GUTHRIE WHITELAW (WHI 143)
*Attorney for Defendants Darling Ingredients, Inc.*
*d/b/a DAR Pro Solutions and Rodney Keith Geter*

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

ELECTRONICALLY FILED
6/6/2022 7:42 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | ) Civil Action File |
| DANNY TURNER, Individually | ) No. 18-CV-2022-900017.00 |
| | ) |
|     Plaintiffs, | ) |
| v. | ) |
| | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF FILING DEFENDANT RODNEY KEITH GETER'S PRIVILEGED
## DOCUMENTS LOG

COMES NOW Defendant Rodney Keith Geter and files the attached *Rodney Keith*

*Geter's Privileged Documents Log.*

This 6th day of June, 2022.

**DREW ECKL & FARNHAM, LLP**

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorney for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually, )
DAWSON TURNER, Individually, )
By and through his Mother and Next )
Friend, KAYLIE TURNER, )          Civil Action File
DANNY TURNER, Individually )          No. 18-CV-2022-900017.00
)
    Plaintiffs, )
)
v. )
)
DARLING INGREDIENTS, INC. d/b/a )
DAR PRO SOLUTIONS, RODNEY )
KEITH GETER, Individually, *et al.* )
)
    Defendants. )

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

Alabama Judicial System's E-Filing Website system which will send notification of such filing

to the following on the 6th day of June, 2022:

> Keith T. Belt, Jr., Esq.
> W. Ryan Myers, Esq.
> BELT & BRUNNER, PC
> 880 Montclair Road, Suite 300
> Birmingham, Alabama 35213
> keithb@beltlawfirm.com
> ryanm@beltlawfirm.com
>
> James M. Shelnutt, Esq.
> SHELNUTT & VARNER, PC
> 113 Rainbow Industrial Blvd.
> Rainbow City, Alabama 35906
> thealabamalawyer@gmail.com
>
> C. David Stubbs, Esq.
> STUBBS, SILLS & FRYE, PC
> Post Office Box 2023
> Anniston, Alabama 36202
> david@stubbssillsfrye.com

By: /s/Michelle Guthrie Whitelaw

MICHELLE GUTHRIE WHITELAW (WHI 143)

*Attorney for Defendants Darling Ingredients, Inc.*
*d/b/a DAR Pro Solutions and Rodney Keith Geter*

OF COUNSEL
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

IN THE CIRCUIT COURT OF CLEBURNE COUNTY
STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**RODNEY KEITH GETER'S PRIVILEGED DOCUMENTS LOG**

| Document Description | #Pages | Privilege Type |
|---|---|---|
| 5/21/21 Handwritten Statement from Defendant Rodney Geter | 1 | Prepared in anticipation of litigation and contains work product information. |

This 6th day of June, 2022.

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
*Attorney for Defendants Darling Ingredients, Inc.*
*d/b/a DAR Pro Solutions and Rodney Keith Geter*

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com



AlaFile E-Notice

18-CV-2022-900017.00

Judge: LHT

To:  WHITELAW MICHELLE GUTHRIE
     mwhitelaw@deflaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following matter was FILED on 6/15/2022 3:07:37 PM

Notice Date:      6/15/2022 3:07:37 PM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
6/15/2022 3:07 PM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually,              )
DAWSON TURNER, Individually,             )
By and through his Mother and Next       )
Friend, KAYLIE TURNER,                   )        Civil Action File
DANNY TURNER, Individually               )        No. 18-CV-2022-900017.00
                                         )
        Plaintiffs,                      )
v.                                       )
                                         )
DARLING INGREDIENTS, INC. d/b/a          )
DAR PRO SOLUTIONS, RODNEY                )
KEITH GETER, Individually, *et al.*      )
                                         )
        Defendants.                      )

## ORDER APPROVING CONFIDENTIALITY STIPULATION
## AND PROTECTIVE ORDER

Upon review of the information contained in the *Confidentiality Stipulation and*

*Protective Order* completed and filed by the parties, the Court orders that the terms set forth

therein are hereby adopted by the Court as a protective order governing discovery in this case.

DONE this _____15_____ day of _____June_____, 2022.

_____
Honorable Louie "Bud" Turner
Circuit Judge

**Order Prepared by:**
Michelle Guthrie Whitelaw
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: whitelawm@deflaw.com
*Attorneys for Defendants*

12591434v1
22677-206110



AlaFile E-Notice

18-CV-2022-900017.00

To: MICHELLE GUTHRIE WHITELAW
mwhitelaw@deflaw.com

## NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

KAYLIE TURNER ET AL V. DARLING INGREDIENTS INC. ET AL
18-CV-2022-900017.00

The following discovery was FILED on 6/17/2022 10:25:55 AM

Notice Date:     6/17/2022 10:25:55 AM

WARREN SARRELL III
CIRCUIT COURT CLERK
CLEBURNE COUNTY, ALABAMA
120 VICKERY STREET
HEFLIN, AL, 36264

256-463-2651
warreng.sarrell@alacourt.gov

ELECTRONICALLY FILED
6/17/2022 10:26 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

KAYLIE TURNER, Individually,          )
DAWSON TURNER, Individually,          )
By and through his Mother and Next    )
Friend, KAYLIE TURNER,                )          Civil Action File
DANNY TURNER, Individually            )          No. 18-CV-2022-900017.00
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
DARLING INGREDIENTS, INC. d/b/a       )
DAR PRO SOLUTIONS, RODNEY             )
KEITH GETER, Individually, *et al.*   )
                                      )
        Defendants.                   )

## **RULE 5(d) NOTICE**

COMES NOW, Michelle Guthrie Whitelaw, attorney for Defendants Darling Ingredients,

Inc. d/b/a DAR Pro Solutions and Rodney Keith Geter and hereby notifies the Clerk of the

Circuit Court that copies of the following document were served on the attorneys of record as set

forth below in the Certificate of Service:

1. *Defendant Darling Ingredients, Inc. d/b/a DAR Pro Solutions' First Supplemental Objections and Responses to Plaintiffs' Requests for Production of Documents*; and

2. *Defendant Darling Ingredients, Inc. d/b/a DAR Pro Solutions' First Amended and Supplemental Objections and Responses to Plaintiffs' Interrogatories*

The undersigned has custody of the original.

This 17th day of June, 2022.

                            Respectfully submitted,
                            **DREW ECKL & FARNHAM, LLP**

                            By: */s/Michelle Guthrie Whitelaw*
                            MICHELLE GUTHRIE WHITELAW (WHI 143)
                            ***Attorney for Defendants Darling Ingredients, Inc.***
                            ***d/b/a DAR Pro Solutions and Rodney Keith Geter***

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: *whitelawm@deflaw.com*

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| KAYLIE TURNER, Individually, | ) | |
| DAWSON TURNER, Individually, | ) | |
| By and through his Mother and Next | ) | |
| Friend, KAYLIE TURNER, | ) | Civil Action File |
| DANNY TURNER, Individually | ) | No. 18-CV-2022-900017.00 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARLING INGREDIENTS, INC. d/b/a | ) | |
| DAR PRO SOLUTIONS, RODNEY | ) | |
| KEITH GETER, Individually, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

Alabama Judicial System's E-Filing Website system which will send notification of such filing

to the following on the 17th day of June, 2022:

Keith T. Belt, Jr., Esq.
W. Ryan Myers, Esq.
BELT & BRUNNER, PC
880 Montclair Road, Suite 300
Birmingham, Alabama 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

James M. Shelnutt, Esq.
SHELNUTT & VARNER, PC
113 Rainbow Industrial Blvd.
Rainbow City, Alabama 35906
thealabamalawyer@gmail.com

C. David Stubbs, Esq.
STUBBS, SILLS & FRYE, PC
Post Office Box 2023
Anniston, Alabama 36202
david@stubbssillsfrye.com

By:  /s/Michelle Guthrie Whitelaw
MICHELLE GUTHRIE WHITELAW (WHI 143)
*Attorney for Defendants Darling Ingredients, Inc.*
*d/b/a DAR Pro Solutions and Rodney Keith Geter*

OF COUNSEL
DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

ELECTRONICALLY FILED
6/17/2022 10:26 AM
18-CV-2022-900017.00
CIRCUIT COURT OF
CLEBURNE COUNTY, ALABAMA
WARREN SARRELL III, CLERK

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually, | ) |
| DAWSON TURNER, Individually, | ) |
| By and through his Mother and Next | ) |
| Friend, KAYLIE TURNER, | ) Civil Action File |
| DANNY TURNER, Individually | ) No. 18-CV-2022-900017.00 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DARLING INGREDIENTS, INC. d/b/a | ) |
| DAR PRO SOLUTIONS, RODNEY | ) |
| KEITH GETER, Individually, *et al.* | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF FILING AMENDED PRIVILEGED DOCUMENTS LOG

COMES NOW Defendant Darling Ingredients Inc. and files the attached *Amended*

*Privileged Documents Log.*

This 17th day of June, 2022.

By: /s/ *Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually,<br>DAWSON TURNER, Individually,<br>By and through his Mother and Next<br>Friend, KAYLIE TURNER,<br>DANNY TURNER, Individually<br><br>　　　Plaintiffs,<br><br>v.<br><br>DARLING INGREDIENTS, INC. d/b/a<br>DAR PRO SOLUTIONS, RODNEY<br>KEITH GETER, Individually, *et al.*<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action File<br>No. 18-CV-2022-900017.00 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendants Darling Ingredients, Inc. d/b/a

DAR Pro Solutions and that I have this day served a copy of the foregoing *NOTICE OF FILING*

*AMENDED PRIVILEGED DOCUMENTS LOG* via email as follows:

| | |
|---|---|
| Keith T. Belt, Jr., Esq.<br>W. Ryan Myers, Esq.<br>BELT & BRUNER, PC<br>880 Montclair Road, Suite 300<br>Birmingham, Alabama 35213<br>keithb@beltlawfirm.com<br>ryanm@beltlawfirm.com | James M. Shelnutt, Esq.<br>SHELNUTT & VARNER, PC<br>113 Rainbow Industrial Blvd.<br>Rainbow City, Alabama 35906<br>thealabamalawyer@gmail.com |
| C. David Stubbs<br>Stubbs, Sills & Frye, P.C.<br>P.O. Box 2023<br>Anniston, Alabama 36202<br>david@stubbssillsfrye.com | |

This 17th day of June, 2022.

By: /s/ Michelle Guthrie Whitelaw

Michelle Guthrie Whitelaw (WHI143)

*Attorneys for Defendants Darling Ingredients, Inc.
d/b/a DAR Pro Solutions and Rodney Keith Geter*

**OF COUNSEL
DREW ECKL & FARNHAM, LLP**
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY
## STATE OF ALABAMA

| | |
|---|---|
| KAYLIE TURNER, Individually,<br>DAWSON TURNER, Individually,<br>By and through his Mother and Next<br>Friend, KAYLIE TURNER,<br>DANNY TURNER, Individually<br><br>    Plaintiffs,<br><br>v.<br><br>DARLING INGREDIENTS, INC. d/b/a<br>DAR PRO SOLUTIONS, RODNEY<br>KEITH GETER, Individually, *et al.*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action File<br>No. 18-CV-2022-900017.00 |

## AMENDED PRIVILEGED DOCUMENTS LOG

| Document Description | #Pages | Privilege Type |
|---|---|---|
| 5/21/21 Handwritten Statement from Defendant Rodney Geter | 1 | Prepared in anticipation of litigation and contains work product information. |

This 17th day of June, 2022.

By: /s/*Michelle Guthrie Whitelaw*
Michelle Guthrie Whitelaw (WHI143)
***Attorneys for Defendants Darling Ingredients, Inc.***
***d/b/a DAR Pro Solutions and Rodney Keith Geter***

**OF COUNSEL**
**DREW ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: whitelawm@deflaw.com